INHABITANTS OF BLACKSTONE *vs.* COUNTY COMMISSIONERS OF WORCESTER.

The proceedings of county commissioners in laying out a road as a public highway cannot be reviewed by this court on the ground that the road is wholly within one town, leads from one town way to another, and does not form a link in any line of county road.

PETITION for a writ of *certiorari* to be directed to the county commissioners of this county, ordering them to return into this court the record of their doings in laying out a road in Blackstone as a public highway, in order that the same might be quashed. The case was reserved by *Gray*, J., on the petition and answer, for the determination of the full court, and is stated in the opinion.

*P. E. Aldrich*, for the petitioners.

*H. B. Staples*, for the respondents.

CHAPMAN, C. J. A distinction has been made in our statutes, from very early times, between highways and town ways. As this distinction is clearly marked in the General Statutes, it is not necessary to trace its early history. We have to consider, in this case, in what the distinction consists.

It is not contended that it consists in the fact that the termini of the way are within the same town, for the county commissioners are authorized to lay out a highway "from place to place within the same town," as well as from town to town. Gen. Sts. c. 43, § 1. And this is not a novel jurisdiction, but very ancient. It is said in *Monterey* v. *County Commissioners*, 7 Cush. 394, 400, that "the only criterion for distinguishing between these different species of roads is to ascertain whether the proceedings for their location originated with the selectmen or with the county commissioners. If with the former, they must be town ways, as the jurisdiction of the selectmen is confined to such ways." We may add that, if they originated with the county commissioners, they must be public highways, as the original jurisdiction of the commissioners is confined to such ways. Their jurisdiction as to town ways is merely appellate. We do not find in the General Statutes, or in any of the decisions, any other criterion to distinguish

these classes of way. If this be so, the road in question is a highway and not a town way; for it appears that the petition for its laying out was made originally to them, alleging that common convenience and necessity required that it be laid out as a county road or way; and that the commissioners adjudged that common convenience and necessity required its laying out as a highway, and that it was laid out as a mere county road or way.

But the petitioners allege that it was not " a county road within the true intent and meaning of the statutes in that behalf made and provided, but the same is, or would be if made, in truth and in fact a town road for the use of the inhabitants of the town of Blackstone only, and not at all for the use of the public generally, the same connecting two town ways in Blackstone, and the same not being connected in any way with any county road, nor forming any link in any line of county road."

We do not understand that it is necessary for a county road to be connected directly with any other county road, or form any link in any line of county road. Indeed it may be true, that common convenience and necessity requires a highway in a town for the sole purpose of connecting two town roads, while the private interest of a majority of the inhabitants of the town is opposed to the interest of the public in that particular; or it may be that the interest of a part or the whole of the inhabitants of the town requires a highway rather than a town way in such a position and with such connections. But as to these matters of fact, we now only repeat what was said in *Monterey* v. *County Commissioners*, 7 Cush. 394, 401, that the legislature has vested in the commissioners the power to lay out highways, and " seen fit and proper to clothe them with discretionary powers of a somewhat extended character, and such as we have neither the power nor the disposition to interfere with."

*Petition dismissed.*