JAMES GALVIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 14, 1902. — February 28, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Evidence,* Extrinsic affecting writings. *Release.*

In an action on an oral contract to give the plaintiff employment the plaintiff may show that the contract was an additional consideration for the execution by the plaintiff of a release of all claims growing out of a personal injury suffered by him in the defendant's employ, although the release purports to be in consideration of payment of a sum of money named.

CONTRACT for the breach of an oral agreement to give the plaintiff employment. Writ in the Municipal Court of the City of Boston dated August 27, 1900.

On appeal to the Superior Court, the case was tried before *Bond,* J. The defendant relied on the following release:

" Know all men by these presents, .That I, James J. Galvin, of Boston, in the county of Suffolk and Commonwealth of Massachusetts, in consideration of the sum of $49$\frac{63}{100}$ (forty-nine and $\frac{63}{100}$) dollars, to me paid by the Boston Elevated Railway Company, a corporation duly established by the laws of

Massachusetts, the receipt whereof is hereby acknowledged, do release, acquit, and forever discharge the said Boston Elevated Railway Company of and from all claims and demands, actions and causes of action whatever, for damages, costs, loss of service, expenses and compensation for, on account of, or in any way growing out of, and hereafter to grow out of an accident which happened on or about October 2, 1899, at or near Pleasant street entrance to Subway, so called, Boston; whereby I was injured by reason of two of said company's cars colliding while in discharge of my duties as a motorman on one of said cars, and do hereby, for myself and my heirs, executors and administrators, covenant with said Boston Elevated Railway Company forever to indemnify and save harmless the said Boston Elevated Railway Company against all claims and demands of all persons, for damages, costs, loss of service, expenses or compensation for, on account of, or in any way growing out of, said accident and its results. Witness my hand and seal this twenty-fourth day of October, in the year eighteen hundred and ninety-nine. I have read the above release before signing. James J. Galvin." [Seal.]

The plaintiff testified, that on October 2, 1899, while he was in the employ of the defendant as a motorman, he was injured; that thereafter he went to see one McManus, claim agent of the defendant, for the purpose of obtaining a settlement from the defendant for his claim on account of the injuries. The plaintiff was asked the following question: " *Q.* What did you do with McManus? What conversation did you have with him?" This question was objected to by the defendant, and thereupon the counsel for the plaintiff offered to prove, that on or about October 24, 1899, the plaintiff demanded of the defendant the amount due him for his injuries and requested payment; that the defendant then promised and agreed to pay the plaintiff in full settlement and satisfaction for "his said debt" and injuries a sum stated, and to receive him back into its service and employ him at the same wages he was receiving at the time of his injuries, and give him easy work until such time as he should be able to return to his position as motorman; that the defendant required as a condition to this promise and agreement and as a further consideration

therefor that the plaintiff should sign and execute a release to the defendant.

The judge excluded the evidence, and it was agreed by the plaintiff, that, the evidence being excluded, there was nothing to go to the jury. The judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*F. H. Stewart*, for the plaintiff.

*E. P. Saltonstall*, for the defendant.

HOLMES, C. J.   This is an action upon an oral contract to give the plaintiff employment, which he says the defendant made as a part of the consideration for his executing a release of all claims growing out of a personal injury suffered by him while in the defendant's employ. At the trial evidence of the contract was excluded and the plaintiff excepted. We are of opinion that the evidence should have been admitted. Proof that the contract was made as an additional consideration is not precluded by the fact that the release purports to be in consideration of the sum of $49.63.   *Hill* v. *Whidden*, 158 Mass. 267.   *Clark* v. *Deshon*, 12 Cush. 589.   Neither did the evidence contradict the operative words of release.   The release is of rights given to the plaintiff by the law in consequence of the injury to him.   The evidence went to prove new rights arising not out of the injury but out of a contract contemporaneous with the release.   The release left the contract untouched.   *Hill* v. *Whidden*, 158 Mass. 267.

The case at bar is sufficiently disposed of by *Hill* v. *Whidden*, but the decisions in other jurisdictions, so far as we have seen, are to the same effect.   *Hobbs* v. *Brush Electric Light Co.* 75 Mich. 550.   *Carter White Lead Co.* v. *Kinlin*, 47 Neb. 409. *Harrington* v. *Kansas City Cable Railway*, 60 Mo. App. 223. *Pennsylvania Co.* v. *Dolan*, 6 Ind. App. 109.   *Smith* v. *St. Paul & Duluth Railroad*, 60 Minn. 330.

*Exceptions sustained.*