INHABITANTS OF WATERTOWN *vs.* HERMAN DANA & another.

Middlesex.  November 16, 1925. — February 26, 1926.

Present: RUGG, C.J., BRALEY, WAIT, & SANDERSON, JJ.

*Municipal Corporations*, Building line.  *Eminent Domain.*

The establishment of a building line under G. L. c. 82, § 37, is a taking of property by eminent domain and, in order that it may be effectual, the order for the taking required by § 24 of that statute must be adopted by the proper officers within ten days after the vote of the town approving the adoption of the building line, and a copy of that order, signed by the appropriate public board or certified by their secretary or clerk, must be recorded in the registry of deeds of the county or district where the land lies "within thirty days thereafter," as prescribed by G. L. c. 79, §§ 1, 3, 4.

The filing by a town in the appropriate registry of deeds, after the due passing of a vote adopting a report of the selectmen setting forth their action ordering that public necessity and convenience require the establishment of a building line substantially in accordance with a plan on file and describing the line with accuracy, of an attested copy of all

such proceedings is not a compliance with the requirements of G. L.
c. 82, § 24; c. 79, §§ 1, 3.

Upon an appeal from a final decree in equity granting to a town relief in
a suit brought by it to enjoin violation of a building line alleged to have
been established according to law, this court, although the defendant's
answer does not contain a specific denial of the due establishment of the
line, will consider the lawfulness of proceedings by the town in that
regard, and, if requirements of the statute are shown by the record not
to have been complied with, will order the decree for the plaintiff
reversed.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Middlesex on June 29, 1925, to enjoin the
defendants from violating a building line alleged to have
been established by the plaintiff, and to remove a structure
built in violation thereof.

The defendants filed an answer on June 30, 1925, and on
that day the suit was referred to a master with directions to
report not later than July 8. The master reported on July 7.
Material facts found by him are described in the opinion.
There was no objection nor exception to the report. The
suit was heard by *Pierce*, J., by whose order on July 8, 1925,
there were entered an interlocutory decree confirming the
report and a final decree granting the plaintiff the relief
sought. The defendants appealed.

*J. J. Kaplan*, (*E. C. Jenney* & *S. M. Child* with him,) for
the defendants.

*R. G. Page*, for the plaintiff.

RUGG, C.J.    This is a suit in equity whereby the plaintiff
seeks injunctive relief for violation of an alleged building
line. The pertinent facts as to the establishment of the
building line are that on May 5, 1925, the town clerk and
clerk of the selectmen of the plaintiff sent notice to the
defendants of the intention of the selectmen to establish
a building line on the westerly side of Cross Street between
Main Street and Pleasant Street, as shown on a plan on file
with the town clerk, and that there would be a public hearing
on May 15. The defendants were owners of land on that
part of Cross Street. Similar notices were sent to other land-
owners presumably interested and a public notice was given
by publication in a Watertown newspaper. A copy of a blue

print of the plan was also sent to the defendants before the
hearing. At the time and place appointed, hearing was had
before the selectmen in accordance with the notice, at which
the defendants were present and protested. On May 22,
1925, the selectmen took action, ordering that public neces-
sity and convenience required the establishment of a building
line substantially in accordance with the plan on file, and
describing with accuracy a line ten feet westerly of the
westerly line of Cross Street. Pursuant to lawful proceed-
ing a town meeting was held in Watertown on June 15, 1925.
One article in the warrant was, "To see if the Town will vote
to ratify the action of the Selectmen in establishing a build-
ing line on the Westerly side of Cross Street, approximately
ten (10) feet distant from the present building line as shown
on plan . . . dated May 1, 1925 . . . and on file in the office
of the Town Clerk . . . ." The vote on this article was to
adopt the report of the selectmen, and by apt words it de-
scribed the building line as ten feet westerly of the present
westerly line of Cross Street. On June 18, an attested copy
of article 8 of the warrant, of the report of the selectmen and
of the vote of the town was recorded in the proper registry
of deeds. On June 25, notice of all these facts was sent by
the town solicitor to the defendants. The defendants on
April 7, secured a building permit from the proper town
officer to erect a block on the lot owned by them on the
westerly side of Cross Street, signed a contract for the con-
struction of the block on May 2, commenced excavation
therefor on May 28, and between that date and June 15,
pushed the work of construction as rapidly as possible and
continued such construction after June 18.

It is provided by G. L. c. 82, § 37 (which has been accepted
by the plaintiff) that "a building line not more than forty
feet distant from the exterior line of a highway or town way
may be established in the manner provided for laying out
ways," with further provisions not here material. The
procedure as to the laying out of a town way is prescribed
by §§ 21–24, both inclusive, of the same chapter. In § 24
are these words: "If it is necessary to acquire land for
the purposes of a town way . . . which is laid out . . . by

the selectmen . . . or other officers of a town under this chapter, such officers shall within ten days after the laying out . . . of such town way . . . is accepted by the town, adopt an order for the taking of such land by eminent domain under chapter seventy-nine."

The establishment of a building line under § 37 constitutes an encumbrance upon land. It is in the nature of an easement for the benefit of the public. It was said in *Curtis* v. *Boston,* 247 Mass. 417, 424, respecting an order establishing a building line under that section, "the order operated, and was intended to operate, as a taking of private property for public use under the power of eminent domain." That the establishment of a building line is the creation of an encumbrance upon private property in favor of the public is apparent, not only from the terms of § 37 but from the tenor and scope of decisions which have arisen concerning the exercise of the power now set forth in that section. *Zeo* v. *City Council of Springfield,* 241 Mass. 340. *Henry J. Perkins Co.* v. *Springfield,* 248 Mass. 447. *Greenfield* v. *Burnham,* 250 Mass. 203. See *Riverbank Improvement Co.* v. *Chadwick,* 228 Mass. 242.

The establishment of a building line being a taking of property by eminent domain, the procedure prescribed for such taking must be followed. Within ten days after the vote of the town approving the adoption of the building line, the appropriate public board — in the case at bar the selectmen — must in accordance with § 24 of G. L. c. 82, adopt an order for the taking of the interest in land, specified in the vote, as set forth in G. L. c. 79. That order among other essentials must "contain a description of the land taken sufficiently accurate for identification": that is to say, the land affected by the building line must be so described. A copy of that order, signed by the appropriate public board or certified by their secretary or clerk, must be recorded in the registry of deeds of the county or district where the land lies, "within thirty days thereafter." G. L. c. 79, §§ 1, 3. Provision is made in G. L. c. 79, § 4, for the taking of registered land.

There was no compliance with this mandate of the statute

in the case at bar.   The selectmen did not adopt an order
for taking within ten days after the acceptance by the town
of the building line established by the earlier order of the
selectmen.   Consequently no copy of such order of taking
was or could have been recorded in the registry of deeds.
The record of an attested copy of the report of the selectmen,
of the article touching that report in the warrant for the town
meeting and of the vote of the town, were not the equivalent
of compliance with the statutory requirements.   The original
report of the selectmen dated on May 22, containing, after
recitals of notice and hearing, an order that the selectmen
"are of the opinion that public convenience and necessity
require that a building line be established, and that a building
line is hereby established" as there set out in detail, is not in
form, purpose or substance an instrument of taking.   The
design of that report was to comply with the requirements of
G. L. c. 82, § 22, and to afford a basis for the vote of accept-
ance by the town, essential under § 23 to the establishment of
the building line.   The instrument of taking is a step which
must follow the vote of acceptance by the town.   It cannot
precede that vote.   The report, whatever its phraseology,
cannot rightly be stretched to include, and to avoid the
necessity of making, a taking in accordance with § 24.

   It was the purpose of the commissioners to consolidate
and arrange the general laws "to devise and recommend a
simple and coherent system of eminent domain procedure,
based on the present method . . . but smoothing it out . . .
and providing the same procedure so far as possible for the
taking of land for all purposes."   Preliminary Report of
the Commissioners, vol. I, page 6.   To that end it is provided
in G. L. c. 79, § 45, "No real estate shall be taken for public
use by the formal vote or order of any board of officers except
under this chapter . . . ."   The adoption under these cir-
cumstances by the General Court of G. L. c. 79, some of
whose sections are new, may be presumed to have been in
furtherance of a general purpose to provide a uniform sys-
tem of procedure, so that everybody concerned will know
how to take land by eminent domain and how to ascertain
whether land or any interest therein has been seized under

the power of eminent domain. Exceptions cannot easily be read into such a statute with such a history.

Doubtless under earlier statutes it might have been held that there was here a taking under the power of eminent domain. *Beckford* v. *Needham,* 199 Mass. 369. But we feel constrained to hold that, under the statutes at present governing procedure under eminent domain, the failure of the selectmen to adopt the requisite order of taking within ten days subsequent to the vote of the town and to record such order of taking within thirty days thereafter, all as pointed out in G. L. c. 82, § 24, and c. 79, §§ 1 and 3, invalidates the building line so far as it affects these defendants.

Although this matter is not set out specifically in the answer, it is a matter of law apparent on the record. It is open to the respondents under an appeal from an adverse final decree. The question, whether upon the facts found by the master the decree is justified as matter of law by the bill and record, is raised by such appeal. *French* v. *Peters,* 177 Mass. 568, 572. *Lyons* v. *Elston,* 211 Mass. 478, 482, and cases there cited. *Church* v. *Brown,* 247 Mass. 282, 287. See *Proctor* v. *Dillon,* 235 Mass. 538, 540.

*Final decree reversed.*