HENEGAR F. WALKER *vs.* CITY OF MEDFORD.

Middlesex.　January 7, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Eminent Domain. Way,* Public: taking. *Municipal Corporations,* Taking by eminent domain.

The taking of land in behalf of a city for a street is a taking for a municipal purpose within the meaning of G. L. c. 40, § 14, in the amended form appearing in St. 1925, c. 272.

It was the apparent purpose of the Legislature in enacting G. L. c. 79 to establish throughout the Commonwealth uniformity in the method of taking real estate for public purposes and in assessing damages for such taking.

A vote of the board of aldermen of Medford, ordering that certain described parcels of land be taken for the purpose of widening, laying out and accepting Main Street, but not stating "the interest therein taken" as required by G. L. c. 79, § 1, was not a compliance with G. L. c. 40, § 14, in the amended form appearing in St. 1925, c. 272, and did not constitute a valid taking.

PETITION, filed in the Superior Court on January 2, 1929, for the assessment of damages due to an alleged taking by eminent domain of real estate of the petitioner.

The petition was heard by *Keating,* J., without a jury, upon an agreed statement of facts. Material facts are stated in the opinion. The judge ruled that the alleged taking was not valid and reported the action for determination by this court, the petition to be dismissed without costs if the taking was not valid; otherwise, the action to stand for trial.

*J. H. Devine,* for the petitioner.

*J. N. Johnson,* for the respondent.

SANDERSON, J.　This is a petition filed in the Superior Court for the assessment of damages for the alleged taking of land of the petitioner. Upon the facts to which the parties agreed the trial judge subject to the plaintiff's exception found and ruled that the taking was invalid and reported the case to this court upon the following terms: "If the

Supreme Judicial Court should decide that the taking was not valid, the petition is to be dismissed without costs; otherwise the action is to stand for trial." The land in dispute is on Main Street near the center of Medford. On October 11, 1927, the board of aldermen of the defendant city, being the appropriate body authorized by law to take land for highway purposes in its behalf, ordered that Main Street between designated points "be and the same hereby is widened and laid out and accepted as a public way of the City of Medford under the provisions of law authorizing the assessment of betterments," and further ordered that certain described parcels of land including that of the petitioner be taken for the purpose of widening, laying out and accepting Main Street. In the order the board assessed and awarded damages sustained by the persons named in the taking, "to each and to all, severally and collectively; nothing"; and it certified that it expected that the estates abutting on Main Street would receive benefit and advantage other than the general advantage to the community from the improvement and estimated the several amounts in which the estates would be assessed therefor. The order of taking was passed by a voice vote without any dissenting vote at a meeting of the board of aldermen, attended by seventeen members. It was approved by the mayor, and duly recorded as required by G. L. c. 79, § 3, as amended. Prior to its adoption there was no vote, two-thirds or otherwise, passed by the board of aldermen specifically authorizing the taking or appropriating money for it, although certain general appropriations for streets were made.

With certain exceptions not material to this case, the government of the city of Medford and the general management and control of all its fiscal, prudential and municipal affairs are vested in a single office of the mayor and a single legislative board called the board of aldermen, composed of twenty-one members. St. 1903, c. 345, §§ 2, 8. Except as otherwise provided in the chapter, this board is given the legislative powers of towns and also all the powers and authority given to city councils and boards of aldermen under the general laws of the Commonwealth, and all the

powers other than executive given to selectmen of towns. St. 1903, c. 345, § 22.  G. L. c. 40, § 14, as amended by St. 1921, c. 486, § 7, St. 1923, c. 266, and St. 1925, c. 272, provides in part as follows: "The aldermen of any city, except Boston . . . may purchase, or take by eminent domain under chapter seventy-nine, for any municipal purpose any land, easement or right therein within the town not already appropriated to public use, including an easement in land adjoining the location of a public way consisting of a right to have the land of the location protected by having the surface of such adjoining land slope from the boundary of the location; but no land, easement or right therein shall be taken or purchased under this section unless the taking or purchase thereof has previously been authorized by the city council . . . nor until an appropriation of money, to be raised by loan or otherwise, has been made for the purpose by a two thirds vote of the city council . . ."  The taking of land in behalf of a city for a street is a taking for a municipal purpose within the meaning of the statute.  The street is laid out primarily for the convenience of the inhabitants of the municipality in which it is located, although when established it is open to the use of the public generally.  *Monterey* v. *County Commissioners*, 7 Cush. 394.  *Blackstone* v. *County Commissioners*, 108 Mass. 68.  *Butchers' Slaughtering & Melting Association* v. *Boston*, 139 Mass. 290, 291, 292.  This interpretation of the meaning of the words "municipal purpose" is recognized in St. 1923, c. 266, amending G. L. c. 40, § 14, by specifically including within the scope of the latter section the taking of an easement in land adjoining a public way for the protection of the land of the location of the way.  "The statutory provisions as to the taking of land by eminent domain for a way are in G. L. c. 79."  *Radway* v. *Selectmen of Dennis*, 266 Mass. 329, 332.

It was the apparent purpose of the Legislature in enacting G. L. c. 79 to establish throughout the Commonwealth uniformity in the method of taking real estate for public purposes and in assessing damages for such taking.  See Vol. 1 of the Preliminary Report of the Commissioners to Consolidate and Arrange the General Laws, pages VII,

VIII, and 1 to 13. *Watertown* v. *Dana,* 255 Mass. 67, 71.
*Radway* v. *Selectmen of Dennis,* 266 Mass. 329, 335. Section
1 of c. 79 requires that the order of taking "shall contain
a description of the land taken . . . and shall state the
interest therein taken and the purpose for which such
property is taken." The requirement that the interest
taken must be stated first appears in this section. Section 3
of the chapter relating to the recording of the order of
taking in the registry of deeds contains the provision,
"Upon the recording of an order of taking under this sec-
tion, title to the fee of the property taken or to such other
interest therein as has been designated in such order shall
vest in the body politic or corporate on behalf of which
the taking was made." G. L. c. 79, § 45, as amended by
St. 1929, c. 380, § 2, provides in part that "No real estate
shall be taken for public use by the formal vote or order of
any board of officers except under this chapter or chapter
eighty A . . . notwithstanding any general or special act
hitherto enacted." "The power of eminent domain is one
of the highest powers of government. It appropriates to a
public use private property against the will of the owner.
Commonly there must be strict compliance with statutes by
which its exercise is regulated." *Byfield* v. *Newton,* 247
Mass. 46, 57. In that case the court in construing the
words of G. L. c. 79, § 1, in conjunction with G. L. c. 40,
§ 14, said at page 57, "the order for taking must show on
its face the specific purpose to which the land appropriated
to public uses is to be devoted." It is equally important
that the accompanying provision requiring a statement in
the order of the interest taken shall be observed. Otherwise
the purpose of the statute to secure uniformity in the
method of taking real estate by eminent domain would be
in part defeated. The taking being invalid because of the
failure of the board of aldermen to comply with this essen-
tial mandate of the statute, other questions argued need
not be considered. In accordance with the terms of the
report the petition is dismissed without costs.

*So ordered.*