## CLEVELAND, C C & ST L RAILWAY CO v GREEN

Ohio Appeals, 2nd Dist, Franklin Co

No 2192. Decided June 23, 1932

Wilson & Rector, Columbus, for plaintiff in error.

Matthew L. Bigger, Columbus, and Abram Cunix, Columbus, for defendant in error.

ALLREAD, PJ.

The principal question is as to whether the verbal contract which purported to be the inducement for the original release of liability is valid. This is an important question and is not free from doubt. The trial court acted largely upon the authority of the case of Pennsylvania Company v Dolan reported in 6 Ind. App., 109, and also 32 Rep. p. 802. This case was very similar to the one under consideration. The plaintiff Dolan in that case had been injured by the Railway Company and gave a general release to the Railway Company. The suit was upon an independent collateral agreement made as an inducement to the release. It was there held by the Court of Appeals that the collateral agreement could be enforced. This case was distinguished by the Supreme Court of Indiana in the case of the Indianapolis Union Railway Company v Houlihan, reported in 54 L. R. A., 787. There is nothing in the decision of the Supreme Court in the Houlihan case which either overrules or criticizes the Dolan case. It is claimed, however, that the Dolan case is inconsistent with the case of Huntington v Railway Company, decided by the Circuit Court of Appeals (Judge Warington writing the opinion), 6th Circuit, and reported in 175 Fed. Rep. p. 532. We have carefully read this case and have reached the conclusion that the original written contract releasing the claim for damages is more comprehensive than the case under consideration. The release in the Huntington case is not only a release but also a contract inconsistent with the assertion of the oral contract sued upon. In the Huntington case there is the oral contract showing the inducement for the written release of the claim for damages, and in the latter contract of release is the following:

"And I also hereby agree that this release shall operate as a bar to any and every suit at law or otherwise, which I or my heirs, executors, administrators, or personal representatives otherwise might or could sustain by reason of the claim aforesaid."

This is broader than the release under consideration. This release only provides in the contractual portion for a release of personal injuries.

Counsel for the plaintiff in error insists that this decision is contrary to the decision of the Supreme Court of Ohio in the case of Jackson v Ely, Exr., 57 Oh St, 450. This case contains a settlement, the scope of which is somewhat similar to that in the case of Huntington v Railway Company, supra. The Supreme Court held that the writing in this case is not a mere receipt but contains an agreement to the effect,

"That the parties have come to a settlement of all the accounts then existing between them, and agree upon the balance due from one to the other; its terms clearly import that all matters of account existing between the parties at the time were included in the settlement; and as parol evidence which tends to prove that certain matters of account then existing, were not included in such settlement, would contradict the writing in this respect."

and that therefore the evidence was not competent.

Counsel also cite the case of **Stone v Vance, 6 Ohio, 246.** This case is not controlling for the same reason as the case of Jackson v Ely. There are a number of cases from other states which are authority for the present case. There are Hobbs v Brush Electric Light Co., decided by the Supreme Court of Michigan and reported in 42 N.W. Rep., p. 965; Hill v Whidden, 158 Mass., 267; the case of Calvin v Boston Electric Ry. Co., 180 Mass., 587. The opinion in this case was written by Chief Justice Holmes and cites with approval the case of the Pennsylvania Co. v Dolan, 6 Ind. App. 109. The same rule is laid down in Osborn & Co. v Stringham, 1 S. D., 486; Stewart v Ry. Co., 141 Ind. 55.

There is a case outside of the state of Ohio which counsel for the plaintiff relies upon and that is the case of Hornick v Union Pacific Ry. Co., 85 Kas., 568. There are many other cases upon this question which are not cited in this opinion. The question is whether the verbal contract sued upon is inconsistent with the written release. This question is not free from doubt because of the use of the word "sole" in the written release set out by the plaintiff. Does this word preclude the operation of a contract sued upon? In other words, does it limit the consideration to the amount specified in the written release to-wit, $1250.00 and does it by its terms exclude the operation of the parol contract? We are of the opinion that the word can not have the effect of releasing the parol contract for the reason that it is a part of the receipt portion of the contract which is subject to explanation. The contractual features are found in subsequent portions of the release and they do not have the effect of being inconsistent with the verbal contract sued upon. Counsel rely upon the following clause in the release which he alleges

is in the handwriting of Green, to-wit, "I have read and understand this release." We are of opinion that this clause does not extend the operating terms of the release. It is simply a statement to the effect that Green had read and understood the release, but there is nothing in either this clause or in any other clause in the release that would prevent Green from suing as he has sued upon the verbal contract for a lifetime job and for an artificial limb, made as an inducement to the release.

Upon a careful consideration of the record we are of opinion that there is no prejudicial error in the record.

Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.