GROVE HALL SAVINGS BANK *vs.* TOWN OF DEDHAM.

Norfolk. March 13, 1933. — September 13, 1933.

Present: RUGG, C.J., WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations,* Building line. *Eminent Domain,* Notice, Time for bringing petition for the assessment of damages, Rights of mortgagee. *Mortgage,* Of real estate. *Words,* "Actual injury."

It *was stated* that a mortgagee of land affected by a taking by eminent domain is entitled to notice of the taking under G. L. (Ter. Ed.) c. 79, § 8.

Failure to give the notice of a taking by eminent domain required by
G. L. (Ter. Ed.) c. 79, § 8, does not invalidate the taking.

Where a building line was duly established upon land in a town under
G. L. (Ter. Ed.) c. 82, § 37, there was no "possession of . . . [the]
property . . . taken" nor "actual injury" thereto within the mean-
ing of G. L. (Ter. Ed.) c. 79, § 16; and, although a mortgagee of such
land was not given notice, pursuant to c. 79, § 8, of the taking whereby
the building line was established and he did not learn of it until about
seventeen months after the recording of a copy of the order of tak-
ing, his right to file a petition for the assessment of damages due to
the taking was subject to the general limitation of time provided in
§ 16, and expired one year after such recording.

The phrase "actual injury," as used in G. L. (Ter. Ed.) c. 79, § 16, with
reference to the time for bringing petitions for the assessment of
damages due to a taking by eminent domain, imports some physical
act done to the harm of the real estate in question and indicates some
factor of injury of such nature as to direct the special attention of the
owner to the intervention of some superior right.   Per RUGG, C.J.

PETITION, filed in the Superior Court on October 9, 1931,
for the assessment of damages due to a taking by eminent
domain.

The petition was tried before *F. T. Hammond,* J.   There
was a verdict for the petitioner in the sum of $6,094.60.
The respondent alleged exceptions.

*W. H. Hitchcock,* for the respondent.

*A. M. Ginzberg,* for the petitioner.

RUGG, C.J.   This is a petition for the assessment of
damages alleged to have been caused to land upon which
the petitioner held a mortgage by reason of the establish-
ment of a building line by the respondent under G. L.
c. 82, § 37.   A building line under this section constitutes
an encumbrance upon land in the nature of an equitable
easement for the benefit of the public;  it is a taking of
private property by eminent domain for public use and the
procedure prescribed for such taking must be followed.
*Watertown* v. *Dana,* 255 Mass. 67, 70.

The building line was validly established on April 24,
1930.   Record of the taking was made in the registry of
deeds on April 30, 1930.   This petition was filed on October
9, 1931.   The single point for decision is whether the petition
was seasonably filed.

It is provided by G. L. (Ter. Ed.) c. 79, § 3, that upon the

record of a taking under eminent domain title shall vest in the body politic or corporate on behalf of which the taking is made and the right to damages shall vest in the persons entitled thereto; by § 8 that notice shall be given forthwith after the right to damages becomes fixed to every person who is entitled to damages on account of the taking but that failure "to give notice shall not affect the validity of the proceedings, or the time within which a petition for damages may be filed, except as provided" by § 16. The provision of § 16 is that a petition for the assessment of damages "may be filed within one year after the right to such damages has vested; but any person whose property has been taken or injured, and who has not received notice under section eight or otherwise of the proceedings whereby he is entitled to damages at least sixty days before the expiration of such year, may file such petition within six months from the time when possession of his property has been taken or he has otherwise suffered actual injury in his property."

The right to file a petition for damages accrued to the petitioner on the recording of the order of taking on April 30, 1930. That right in general expired within one year after the right to damages accrued, namely, on April 30, 1931, unless the petitioner brings itself within the exception stated in § 16 just quoted so far as material. The petitioner alleged and the undisputed evidence showed that after this taking no notice thereof was given to the petitioner. The respondent introduced no evidence that such notice was given to the owner of the equity of redemption or the holder of a second mortgage. Doubtless the petitioner as mortgagee was entitled to notice. G. L. (Ter. Ed.) c. 79, § 32. This failure to give notice as required did not invalidate the taking according to the express terms of § 8. No such notice after a taking is essential to the validity of a taking by eminent domain. *Appleton* v. *Newton*, 178 Mass. 276, 281. *Frost Coal Co.* v. *Boston*, 259 Mass. 354, 357. *Barnes* v. *Peck*, 283 Mass. 618.

The petitioner must bring itself within some of the exceptions in order to avoid the absolute bar of the one year

fixed as a limitation for filing a petition, all as prescribed in § 16. The first of these exceptions is that the petition may be brought within six months from the time when possession of his property has been taken. There is nothing in the record to extend the shelter of this exception to the petitioner. There was no evidence that possession of its property ever has been taken by anybody under the taking. In the nature of things there can be no entry by public officers for the purpose of taking possession or making constructions because the establishment of a building line constitutes simply a limitation or restriction upon the right of the landowner to erect constructions within the area embraced by the building line. No public work by public authorities is contemplated within that area. *Bancroft* v. *Building Commissioner of Boston,* 257 Mass. 82, 89. The second exception in § 16 extending the time for bringing a petition beyond the period of one year from the taking enables the landowner to file such petition within six months from the time when "he has otherwise suffered actual injury in his property." The word "actual" in this connection naturally, though perhaps not necessarily, imports some physical act done to the harm of the real estate. The function of that word is to give peculiar emphasis to the dominant thought expressed by the word or phrase modified by it. This is amplified by discussion and illustration in *Koshland* v. *Columbia Ins. Co.* 237 Mass. 467, 475, and *Marlborough* v. *Lynn,* 275 Mass. 394, 397. This exception indicates some factor of injury of such nature as to direct the special attention of the owner to the intervention of some superior right. There is nothing in the record to show such "actual injury" to the property of the petitioner. The petitioner did not learn of the taking until about October 1, 1931, when, preliminary to taking proceedings to foreclose its mortgage, it caused the records in the registry of deeds to be examined and then discovered the taking. This cannot rightly be held to be a suffering of "actual injury" in its property within the meaning of § 16. It is to be assumed that the Legislature intended to enlarge somewhat the inflexible limitation on the bringing of a proceeding to secure the assessment of damages

.theretofore existing under eminent domain. *Watertown* v. *Dana,* 255 Mass. 67, at page 71. But the words of the statute cannot be stretched beyond their fair meaning in order to relieve against what may appear to be a hard case. We can interpret only the statutory language. We are of opinion that the petitioner was not entitled to recover, because the petition was filed too late. *Northborough* v. *County Commissioners,* 138 Mass. 263.

No question as to procedure or practice has been argued. The case has been argued solely on the substantial questions of law involved. It has been considered on the same footing. All other matters are treated as waived. It appears that the case has been fully tried and that the petitioner is unable to prevail. In accordance with G. L. (Ter. Ed.) c. 231, § 124, judgment may be entered for the respondent.

*Exceptions sustained.*

*Judgment to be entered for the respondent.*