AMEEN J. ANTOUN *vs.* COMMONWEALTH.

Suffolk.    December 6, 1938. — April 17, 1939.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Department of Public Works. Eminent Domain,* Structures on land taken. *Contract,* Validity.

The State department of public works had no authority to bind the Commonwealth by an agreement with a landowner, whose property it had taken by eminent domain, to move buildings thereon to other land of the owner.

PETITION, filed in the Superior Court on February 29, 1936.

The case was heard by *Giles,* J.

*M. M. Taylor,* for the petitioner.

*A. V. Sullivan,* Assistant Attorney General, for the Commonwealth.

LUMMUS, J.   This is a petition under G. L. (Ter. Ed.) c. 258, to enforce against the Commonwealth a claim for the alleged breach of a contract.   The judge ordered judgment for the respondent, and reported the case.   Since the matter was presented upon a case stated, the requests for rulings reported are of no consequence, and will not be considered.   *Howland* v. *Stowe,* 290 Mass. 142, 146.

After a purported taking of the petitioner's land by the county of Worcester, which was invalid for failure to state the interest taken (G. L. c. 79, § 1; *Walker* v. *Medford,* 272 Mass. 161; *Malinoski* v. *D. S. McGrath, Inc.* 283 Mass. 1, 9), the department of public works, on September 9, 1930, took the land for the Commonwealth for the purpose of a State highway.   Upon the petitioner's land taken, there were one building and parts of three others, the remainder of the buildings being on other land of the petitioner not taken.   Orally it was agreed, about November 20, 1930, between the petitioner and the department of public works, that the buildings on the land taken should be moved to the other land of the petitioner according to plans and specifications incorporated in a contract for the moving, dated December 9, 1930, between the department and a contractor.   The buildings were moved. But the petitioner complains of a failure to move them in accordance with the plan and specifications.   It is agreed that there was that failure, and that the petitioner suffered damage thereby to the extent of $2,103.

We need not discuss the effect of a general release to the Commonwealth, dated November 14, 1930, and delivered on December 16, 1930, upon payment to the petitioner of damages of $45,123.   The petitioner contends that the release did not discharge the oral agreement.   *Galvin* v. *Boston Elevated Railway,* 180 Mass. 587.   *Radovsky* v. *Wexler,* 273 Mass. 254.   *Ferris* v. *Boston & Maine Railroad,* 291 Mass. 529, 532.   But the oral agreement was one which the department of public works had no authority to make. True, it could have awarded and agreed to pay land

damages. *Willar* v. *Commonwealth,* 297 Mass. 527. The oral agreement, however, did not conform to the procedure provided by statute for cases in which land taken had buildings or parts of buildings upon it. G. L. c. 79, § 13, gave the owner the right to remove trees or structures not included in the taking. The amount by which they enhanced the value of the land taken was to be included in the computation of damages, but then their value for removal was to be deducted. If the owner refused to remove structures, they were to be sold. No provision was made for removal by public authority to other land of the owner. Compare the earlier law, R. L. c. 48, § 16, St. 1917, c. 344, Part 2, §§ 17, 55, Part 3, § 3. The provisions of G. L. c. 79, § 13, originated in St. 1918, c. 257, § 187, subsection 13, in the course of a complete revision of the law as to eminent domain, and must be taken as a complete declaration of legislative policy. *Watertown* v. *Dana,* 255 Mass. 67, 71–72. *Walker* v. *Medford,* 272 Mass. 161, 163. Preliminary Report of Commissioners to Consolidate and Arrange the General Laws (1918) Vol. I, pages 23, 24.

*Judgment for the respondent.*