*Western District*

## OKUN FURNITURE COMPANY

v.

## CONNECTICUT FIRE INSURANCE CO.

(May 16, 1960)

*Present:* Riley, P. J., Hobson and Garvey, JJ.

Case tried to *Sloan, J.,* in the District Court of Springfield. No. 152404.

*Riley, P. J.* This action of contract to recover for losses under an insurance policy issued to the plaintiff by the defendant was submitted to the trial judge upon the following agreed statement of facts:

"1. At approximately 6:00 A.M. on November 29, 1958, while the premises were closed for business, an unknown person or persons broke a plate glass window on the north side of the premises occupied by the Okun Furniture Company, entered the said premises and took therefrom three (3) General Electric Television sets. In addition, falling glass damaged one (1) General Electric Refrigerator. No other losses or damage were sustained by the plaintiff.

"2. At the time of this occurrence the plaintiff, Okun Furniture Company, was the holder of a policy of insurance from the defendant, Connecticut Fire Insurance Company, Policy No. DB 10606, a copy of which is hereto attached and marked 'A'.

"3. The policy did not provide coverage for loss sustained by damage to or the breaking of the plate glass window located on the north side of the premises occupied by the Okun Furniture Company.

"If the Court shall construe the policy of insurance referred to in paragraph 2 to provide coverage for losses sustained by Okun Furniture Company by reason of the theft of the three (3) General Electric Television sets and the damage to one (1) General Electric Refrigerator, then judgment shall be for the plaintiff in the sum of $546.75 and otherwise judgment shall be for the defendant." No other evidence was offered by either party.

It was orally agreed in open court that the only question was whether or not the loss sustained by the Plaintiff was covered by Insuring Agreement II. of the said policy. Agreement II. reads as follows:

"Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof within the Premises or within any Banking Premises or similar recognized places of safe deposit.

Loss of other property by Safe Burglary or Robbery within the Premises or attempt thereat, and loss of a locked cash drawer, cash box or cash register by felonious entry into such container within the premises or attempt thereat or by

"felonious abstraction of such container from within the Premises, and damage to the Premises by such Safe Burglary, Robbery or felonious abstraction, or by or following burglarious entry into the Premises or attempt thereat, provided with respect to damage to the Premises the Insured is the owner thereof or is liable for such damage."

The judge found for the defendant. Numerous requests for rulings were filed by the parties and acted upon by the trial judge.

"Since the case was heard upon an agreed statement of facts which 'was the only evidence introduced,' it was in effect a case stated, and accordingly the requests for rulings had no standing. *Antoun v. Commonwealth,* 303 Mass. 80, 81. The only duty of the judge was to order the correct judgment on the agreed facts. *Howland v. Stowe,* 290 Mass. 142, 146, and cases cited." *Redden v. Ramsey,* 309 Mass. 225 at 227.

It is obvious that the loss of the three television sets and the damage to the electric refrigerator are not covered by paragraph I of Agreement II, as that provides only for loss of money and securities. It is also plain that the plaintiff's loss was not caused by Safe Burglary, loss of a locked cash drawer, cash box or cash register by felonious entry into such container within the premises or attempt thereat, or by felonious extraction of such container from within the premises and damage to the premises by such acts as provided by the second paragraph of paragraph II.

The only damage claimed by the plaintiff in the agreed statement of facts was to a

General Electric Refrigerator and this can not, we feel, be held to be damage to the premises as defined in the agreement. This leaves only loss of property by robbery under the second paragraph of Agreement II.

In the conditions and limitations of the policy, robbery is defined as follows:

"Robbery" means the taking of insured property (1) by violence inflicted upon a Messenger or a Custodian; (2) by putting him in fear of violence; (3) by any other overt felonious act committed in his presence and of which he was actually cognizant, provided such other act is not committed by a partner or Employee of the Insured; (4) from the person or direct care and custody of a Messenger or Custodian who has been killed or rendered unconscious; (5) from within the Premises by means of compelling a Messenger or Custodian by violence or threat of violence while outside the Premises to admit a person into the Premises or to furnish him with means of ingress into the Premises; or (6) from a show window within the Premises while regularly open for business, by a person who has broken the glass thereof from outside the Premises."

The agreed facts show that the insured's premises were not regularly open for business but were closed at the time of the loss and, consequently, the sixth definition of robbery cannot be relied upon by the plaintiff. The other five definitions of robbery set out above are clearly not applicable.

We think that the contract was properly construed by the trial judge as applied to the agreed statement of facts and that he correctly found for the defendant. Accordingly, the report will be ordered dismissed.

Louis Kerlinsky of Springfield, for the Plaintiff.
Phillip J. Ryan of Springfield, for the Defendant.

## *Western Ristrict*