NATHANIEL A. DENMAN & others *vs.* COUNTY OF BARNSTABLE & another.

Barnstable.    October 8, 1963. — November 4, 1963.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Way,* Public: establishment.

A petition by three selectmen of a town to county commissioners for "widening, straightening, relocating or locating anew" a way from a specified street to another specified street, a distance of more than 1,000 feet, supported action by the county commissioners laying out an extension of the way between the specified streets as "a new highway" under G. L. c. 82, §§ 2–5. [413–414]

In a proceeding before county commissioners respecting an extension of a way, references in the petition for the extension and in the notice of hearing to the extension as being from a specified street to another specified street sufficiently indicated the termini of the extension. [414]

A determination by county commissioners that common convenience and necessity required a layout of an extension of a way was not to be disturbed by the courts despite substantial opposition to the extension registered at the commissioners' hearing. [415]

BILL IN EQUITY filed in the Superior Court on March 5, 1962.

The suit was heard by *DeSaulnier, J.*

*Howard S. Whiteside* for the plaintiffs.

*Kenneth E. Wilson* for the defendants.

SPALDING, J. The plaintiffs reside in the town of Falmouth and own property there. On or about June 28, 1961, three selectmen of the town petitioned the county commissioners of Barnstable for "the widening, straightening, relocating or locating anew," of a road known as Katherine Lee Bates Road from Hamlin Avenue westerly to Palmer Avenue. The plaintiffs challenge the legality of the proceedings in this bill in equity. The plaintiffs concede that certiorari rather than a bill in equity is the appropriate remedy. But the point was not raised in the court below and the case proceeded to a trial. As the parties desire a decision on the merits, we shall deal with the case on that basis.

The judge made findings of fact and rulings of law. He ruled that the proceedings were in conformity with the provisions of G. L. c. 82, and ordered a decree to be entered dismissing the bill. From a decree in accordance with that order the plaintiffs appealed. The evidence is reported.

After the filing of the petition a hearing was held under G. L. c. 82, § 4, following notice and publication under § 3. Since there were persons objecting, a second hearing was held pursuant to §§ 4 and 5. Thereafter, on March 2, 1962, the commissioners made an adjudication under § 5 for the laying out of an extension of Katherine Lee Bates Road "southeasterly from Palmer Avenue to Hamlin Avenue," followed by a detailed description, a taking of an easement, and awards of damages.

1. As stated above, the petition by the selectmen to the county commissioners was to "widen, straighten, relocate or locate anew" a road. The plaintiffs contend that be-

cause of this wording the proceedings are governed by the provisions of § 11 rather than § 2.[1]  Thus, the petition, it is argued, is defective because it was not an application by a town and was not signed by five inhabitants.  Admittedly, the petition, if required to be brought under § 11, would be defective.  This argument is grounded on the fact that the words of the petition are couched in language of relocation of a way and thus governed by the provisions of § 11.  Section 2, it is urged, relates only to a "new highway . . . or the alteration, specific repair or discontinuance of an existing highway" and, hence, was not applicable.  We assume that if a relocation was the object of the petition it should have been brought under § 11.  *Main* v. *County Commrs. of Plymouth,* 212 Mass. 182, 185.  The wording of the petition was not as clear as it might have been but we think that the language was sufficiently broad to permit what was sought to be done here, namely, to extend Katherine Lee Bates Road from "Hamlin Avenue westerly to Palmer Avenue."  This extension, which was over 1,000 feet in length, satisfied the requirement of "a new highway" under § 2.  See *Folsom* v. *County Commrs. of Middlesex,* 173 Mass. 48.

2.  The plaintiffs also urge that the reference to "Hamlin Avenue" and "Palmer Avenue" was not sufficiently definite to satisfy the requirements of § 6 of the statute.  The petition could have been more definite in describing the termini but we are of opinion that there was a sufficient compliance with the statute.

3.  The plaintiffs' contention that there was inadequate notice of the proposed action of the commissioners is without merit.  Despite the wording of the petition and the notice, the reference in both was to a road from "Hamlin Avenue westerly to Palmer Avenue," and it is difficult to see how anyone could have been misled.

[1] General Laws c. 82, § 11, reads in part:  "If application is made to the commissioners by a town, or by five inhabitants thereof, to relocate or order specific repairs on a way within such town, whether it was laid out by authority of the town or otherwise, they may, either for the purpose of establishing the boundary lines of such way or of making alterations in the course or width thereof, or of making specific repairs thereon, relocate it in the manner prescribed for laying out highways in sections two to nine, inclusive."

4. The plaintiffs finally argue that a finding by the county commissioners that common convenience and necessity require the allowance of the petition for an extension of the road in the face of a substantial margin of opposition registered at the hearing was an abuse of discretion. The "legislature has vested in the commissioners the power to lay out highways, and 'seen fit and proper to clothe them with discretionary powers of a somewhat extended character, and such as we have neither the power nor the disposition to interfere with.'" *Blackstone* v. *County Commrs. of Worcester,* 108 Mass. 68, at 69.

The plaintiffs urge that they have been put to unnecessary expense because the defendants in their counter-designation have included unnecessary matter. The plaintiffs, therefore, ask that the costs of printing this material be imposed on the defendants pursuant to Rule 2 (H) of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 695. While the record could have been shorter, the added material was not so excessive as to require the imposition of costs on the defendant.

*Decree affirmed.*