GEORGE C. McMICHAEL & others *vs.* TOWN OF WELLESLEY.  April 6, 1964.  Interlocutory decree and final decree affirmed.  Taxpayers seek to enjoin the town from spending funds appropriated at a town meeting on March 25, 1963, upon art. 22 of a warrant reading, "To see what sums . . . the [t]own will raise and appropriate for [c]hapter 90 projects."  They appeal from an interlocutory decree sustaining the town's demurrer and from a final decree dismissing the bill.  The bill is diffuse, argumentative, and ambiguous and contains much irrelevant matter.  Article 22 of the warrant was adequate.  *Burlington* v. *Dunn,* 318 Mass. 216, 219.  The bill does not allege facts showing any impropriety, by reason of conflict of interest or otherwise, in the filing by two selectmen (with others) of a petition to the county commissioners to widen and relocate a public highway.  See *Denman* v. *County of Barnstable,* 346 Mass. 412, 414, 415, where the selectmen filed a comparable petition.  No facts alleged show any inadequacy in a notice, served upon the town clerk, by posting and by publica-

---

[1] The companion case is by the same plaintiff against John D. Ross, Jr., and Philip J. Shea.

tion, given pursuant to G. L. (Ter. Ed.) c. 82, § 3, or that subsequent proceedings did not conform with c. 82, §§ 4 and 5. It is not alleged that any person interested in opposing the petition before the county commissioners lacked actual notice of the petition or the hearing thereon. Other contentions argued by the plaintiffs are without merit.

The case was submitted on briefs.

*Charles W. Lavers* for the plaintiffs.

*Harry E. Warren,* Town Counsel, *& John M. Mullen* for the defendant.