FRANK OUELLET & another *vs.* BOARD OF APPEALS OF DOVER.

Norfolk. October 29, 1968. — December 12, 1968.

Present: SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Zoning,* "Municipal use." *Words,* "Municipal use."

Use of land in a town for a United States post office was not a "municipal use" under the town's zoning by-law.

BILL IN EQUITY filed in the Superior Court on December 28, 1967.

The suit was reported by *Beaudreau,* J.

The case was submitted on briefs.

*Walter W. Baldwin & Ralph C. Copeland* for the plaintiffs.

*John Larkin Thompson, M. Lynn Minna, & Theodore Chase,* Town Counsel, for the defendant.

REARDON, J. The plaintiffs own land in Dover and had negotiated with the United States Post Office Department to the end that they might lease to the Department a building which they proposed to construct on their land. The land is located in a residential district under the town's zoning by-law which, nevertheless, provides that a "municipal use" may be authorized in a residential district upon approval by the town's board of appeals (Board). The plaintiffs applied for a special permit under the section so providing. The Board ruled that it could not act on the application because the contemplated use was not a "mu-

nicipal use." This bill in equity (G. L. c. 40A, § 21), seeking review of the board's action, was reported without decision by the Superior Court judge. The sole question is whether the use of land for a United States post office is a "municipal use" within the intent of this zoning by-law. Put another way, we must decide whether "municipal" carries a connotation of "public" and "governmental" (in a broader sense) as opposed to "local," the interpretation made by the Board.

There is authority for the widened interpretation of "municipal" for which the plaintiffs contend. Certain dictionary definitions describe its meaning as being local as distinguished from national or State, or domestic as distinguished from international. Bouvier's Law Dictionary (Rawle's 3d Revision). Black's Law Dictionary (4th ed.). Webster's Third New Intl. Dictionary (1961). Some cases in other jurisdictions have also read "municipal" as "public." See *Louisville* v. *Babb,* 75 F. 2d 162 (7th Cir. 1935); *Cook* v. *Port of Portland,* 20 Ore. 580; *Holbein* v. *Hall,* 189 So. 2d 797 (Fla.). Contrary interpretations have been made. *Treasure Island* v. *Decker,* 174 So. 2d 756 (Fla.).

The Board has properly invited our attention to G. L. c. 40A, § 2, G. L. c. 40D, § 1 (o), G. L. c. 41, § 81L, and G. L. c. 268A, § 1 (f), all of which make some distinction between "municipal" and "public," a distinction made quite clearly in G. L. c. 40, § 14, authorizing eminent domain takings by local governments of lands "not already appropriated to *public* use, for any *municipal* purpose . . ." (emphasis supplied). Such Massachusetts cases as there are also are consistent with the narrower reading of "municipal." See *N. Ward Co.* v. *Street Commrs. of Boston,* 217 Mass. 381, 384; *Walker* v. *Medford,* 272 Mass. 161, 163. See also *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 557 ("Zoning has always been treated as a local matter. The creation and modification of zones are matters of municipal legislation.")

We think that this town by-law should be viewed as employing "municipal" in its usual sense, i.e., as applying to

local matters relating to the cities and towns of the Commonwealth. No indication of any wider meaning appears. It would have been easy and natural for the framers of the by-law to use broader terms if a wider meaning had been intended. A decree shall be entered affirming the ruling of the Board.

*So ordered.*