Hurley, J.
The plaintiffs, members of the Board of Managers of the Island View Association, the organization of unit owners of the Island View Condominium, brought this action to recover unpaid common area charges and legal fees for their collection, assessed to the defendant. The trial judge allowed the plaintiffs’ motion for summary judgment and awarded $3,679.63 including $1,500 for attorney’s fees and costs. By this report the plaintiffs appeal the amount of attorney’s fees and costs allowed by the trial judge.
The report indicates that the plaintiffs’ motion for assessment of damages embraced a request for attorney’s fees and costs in the sum of $4,450.10. The Master Deed and By-Laws were submitted to the trial judge. The By-Laws of the Association *174 provide in pertinent part that a unit owner defaulting on the payment of common charges shall pay interest on the unpaid charges and “all expenses, including attorney’s fees, incurred by the Board of Managers in any proceeding brought to collect such unpaid common charges...” The trial judge did not make any findings of fact in connection with his determination of the amount of damages. No requests for rulings were presented to the court in connection with the motion for assessment of damages. It is not clear from the judge’s award of $1,500 in attorney’s fees whether he made a determination that the fees sought were excessive or whether all the fees sought had been properly assessed as part of a “proceeding brought to collect” unpaid common charges. See Leventhal v. Krinsky, 325 Mass. 337, 342 (1950). The report includes a statement that there was evidence presented at the assessment hearing which tended to show “ (T)hat the amount of attorney’s fees and costs incurred by the plaintiffs, including six hours of attorney’s time estimated to be incurred in collection of the judgment amount, equaled $4,450.10.”
The plaintiff argues that the judge exceeded his authority by independently calculating the attorney’s fees incurred by the association. The affidavit supporting the requested attorney’s fee is not part of the report. We have no record before us that enables us to review the basis on which the judge made the determination as to the amount of the attorney’s fees.
Requests for rulings separate issues of fact and law in cases where the judge acts as a finder of fact. Hogan v. Coleman, 326 Mass. 770, 772 (1951). In this case, the law and the facts are not separated. This division cannot determine whether the judge awarded the actual amount of attorney’s fees incurred by the plaintiff in the “proceeding brought to collect,” and excluded fees incurred prior to the co mmencement of this law suit and fees to be incurred in collecting any judgment, or whether the judge awarded an amount determined by him to be reasonable attorney’s fees. No mention of “reasonable” attorney’sfees appears in the By-Laws of the Association. Norwas this issue put before the judge in a statement of agreed facts, where no requests for rulings would be necessary or appropriate. Associated Discount Corp. v. Gillineau, 322 Mass. 490, 491 (1948); Antoun v. Commonwealth, 303 Mass. 80, 81 (1939). Because the issues of fact and law are not discrete in this motion for assessment of damages, requests for rulings were necessary. Without requests for rulings, there is no basis for the report and it must be dismissed.
So ordered.