FRANCES A. HILL *vs.* RENTON WHIDDEN.

Suffolk. January 13, 1893. — March 2, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Promissory Note — Release — Consideration — Evidence — Action — Bar.*

In an action upon a promissory note, by the payee against the maker, it is competent for the plaintiff to prove that the note was given to him as a part of the consideration for an instrument of release executed by him to the defendant, in addition to the consideration mentioned therein.

A promissory note, payable to an executor in his own name, without his official

designation, may be enforced against the maker, although founded upon a consideration moving from the payee as executor.

A release of all debts, demands, actions, and causes of action existing at its date is not a bar to an action by the releasor upon a promissory note given to him by the releasee as a part of the consideration for the release, and of even date therewith.

CONTRACT upon two promissory notes for $1,000 each, dated July 24, 1889, payable in two years after date to the order of the plaintiff, and signed by the defendant. Answer: 1. A general denial. 2. Payment. 3. A release of the cause of action. Trial in the Superior Court, without a jury, before *Thompson, J.,* who allowed a bill of exceptions, in substance as follows.

The defendant contended that there was no legal consideration for the notes in suit; and that, in any event they were released by the following instrument:

" Know all men by these presents, That I, Frances A. Hill, of Boston in the county of Suffolk and Commonwealth of Massachusetts, as executrix of the will of James Hill, late of said Boston, deceased, being hereto authorized by a decree of the Probate Court for said county of Suffolk, dated the twenty-second day of July, 1889, for and in consideration of the sum of $3,000, cash, of notes amounting to $1400, and of a satisfactory bond of indemnity against the debts of the late firm of Whidden, Hill, & Co., to me given by Renton Whidden of said Boston, the receipt of which sum, notes, and bond is hereby acknowledged, do hereby sell, transfer, set over, and assign to the said Renton Whidden and his heirs, executors, administrators, and assigns all my right, title, and interest, as said executrix or otherwise, in and to the property and assets, of whatsoever name and nature, of the late firm of Whidden, Hill, & Co. ; and I do hereby, both as said executrix and individually, for myself, my heirs, executors, administrators, and assigns, remise, release, and forever discharge the said late firm of Whidden, Hill, & Co., and the said Renton Whidden as surviving partner thereof, and also the said Renton Whidden personally, and his heirs, executors, and administrators, of and from all debts, demands, actions, causes of action, suits, dues, sum and sums of money, accounts, reckonings, bonds, specialties, covenants, contracts, controversies, agreements, promises, doings, omissions, variances, damages, extents, executions, and liabilities, both in law

and equity, or which may result from the existing state of things which against the said late firm of Whidden, Hill, & Co., or Renton Whidden as surviving partner thereof, or the said Renton Whidden personally, I, the said Frances A. Hill, as said executrix, or personally, now have or ever had from the beginning of the world to the day of the date of these presents.

" And for the consideration aforesaid, I do also agree that I will settle and discharge the bill of Amos D. Albee for making an examination of the books of said late firm of Whidden, Hill, and Company, and save the said Renton Whidden harmless therefrom.

" In witness whereof I, the said Frances A. Hill, both as said executrix and personally, have hereto set my hand and seal, this twenty-fourth day of July, A. D. 1889.

" Frances A. Hill, Executrix.<br>Frances A. Hill."

It appeared in evidence that the plaintiff was the widow of James Hill, who had in his lifetime together with the defendant constituted the firm of Whidden, Hill, and Company. Upon the death of Hill, the plaintiff was appointed executrix of his will, and a controversy arose between herself as such executrix and the defendant as surviving partner of the firm in relation to the amount due to the estate of Hill upon a settlement of the firm accounts. In the spring or summer of 1889, terms of settlement were substantially agreed upon, but in arranging the details more or less delay was caused, so that the settlement was not finally carried through until August 23, 1889, although all the papers were dated as of July 24, which was the date when it was anticipated that the settlement would be consummated.

There was no dispute at the trial as to the terms of the settlement, except so far as concerned the two notes sued upon, the terms being in substance as follows. The defendant was to pay to the plaintiff, as executrix, the sum of $3,000 in cash, and to give her fourteen notes of $100 each, and a bond of indemnity against the debts of the firm of Whidden, Hill, and Company; while the plaintiff as executrix was to transfer and assign all her right and interest in the real and personal property and assets of the firm to the defendant, and release the firm and the

defendant as surviving partner from all claims and demands of whatsoever nature.

On June 24, 1889, the plaintiff filed a petition in the Probate Court for authority, as executrix, to settle the controversy upon the above mentioned terms, and that court, on July 22, 1889, entered the following decree :

" That said petitioner, executrix as aforesaid, be, and she hereby is, authorized to release all claims of said estate against said Whidden on account of said copartnership, and to release to said Whidden and convey any and all interest of said deceased in and to a certain lot or parcel of land, with the buildings thereon, situate and lying between Malden and Wareham Streets in said Boston, and to transfer and assign to said Whidden all of the interest of said estate in and to the assets of said copartnership of every nature and description ; all in consideration of the sum of three thousand dollars in cash, promissory notes amounting to fourteen hundred dollars, to be paid her, and the execution of a bond of indemnity by said Whidden, with sureties satisfactory to said petitioner, to pay all liabilities, debts, and claims of every kind against said firm, or which said estate would be liable for on account of said firm."

On August 23, 1889, the parties made and consummated the terms of the settlement above stated ; the defendant on that day paying to the plaintiff as executrix the sum of $3,000 in cash, fourteen notes of $100 each, payable at monthly intervals until the whole were paid, and a satisfactory bond of indemnity against the debts of Whidden, Hill, and Company. Of the amount of the notes $400 was to pay a part of the accountant's bill. At the same time the plaintiff, as executrix and individually, executed and delivered the instrument above set forth, and also two deeds conveying all the interest of the estate of James Hill in the partnership real estate. The notes which were thus delivered have been paid, and the terms of the settlement set out in the decree of the Probate Court and in the above named instrument have been fully complied with.

The plaintiff was called as a witness, and, among other things, testified that, after her appointment as executrix, there was a controversy between her and the defendant as to the

amount due her on the settlement of the partnership account as such executrix ; that she and the defendant had numerous interviews and conversations upon the subject; that, some time in the spring of 1889, she stated to the defendant that she would settle the whole matter for $10,000 ; that the defendant offered $6,000 in settlement, which she declined to accept; that at a later interview between them, in April, it was agreed that a settlement should be effected for $6,000, and one half of the bill of the expert accountant who had examined the partnership books ; that $3,000 of that amount should be paid in cash and $3,000 by promissory notes of the defendant; that the defendant afterwards gave the plaintiff two promissory notes, signed by himself, of $1,000 each, payable to the plaintiff ; that she accepted those notes on account of the agreed settlement, and was requested by the defendant to keep the fact of his giving the notes a secret, as otherwise he would have difficulty in raising the money to carry out the settlement ; that she showed those notes to her counsel, and requested the defendant, previously to the final settlement, to give her new notes in substitution of those she already had, bearing the same date as the time of final settlement ; and that the following letter, dated July 30, 1889, was received by her from the defendant in reply to her request : " I will change the notes I gave you some time ago, and give you two with date of day we pass papers in settlement of your claims in exchange for them. I will see Mr. Gaston, and get a day fixed for the finishing up of this business. The notes to read same as ones now in your hands." She also testified that, before the terms of settlement were finally agreed upon, she had been paid $250 on account of her claim as executrix against the defendant.

After the close of the defendant's evidence, the plaintiff was recalled, and further testified, that she made a settlement with the defendant in the spring, long before May 21, 1889, and the notes were given before May 21 ; that she never told the defendant that she wanted the notes to secure the settlement; that the notes in suit were written by the defendant in Mr. Gaston's office ; that in the latter part of July, 1889, she insisted that the defendant should give her two notes to take the place of those she already held, and he agreed to do so by letter;

that on August 23, 1889, she together with her counsel went to the office of the defendant's counsel to carry out the terms of the settlement; that before the papers were signed or executed she requested the defendant to step into the rear office, which he did, and, they being alone, she asked him to give her two new notes for $1,000 each, to take the place of the two which he had given her in the spring; that he thereupon did so, and she surrendered the other two notes; that she then returned with the defendant to the main office and told her counsel, in a whisper, that she had the notes, but without communicating the fact in any way to counsel for the defendant; that thereafter the $3,000 in cash was paid to her, the fourteen notes for $100 each were signed by the defendant and delivered to her, as also the bond of indemnity; and that she thereafter signed and delivered the instrument of release above set forth, and also the deeds of the real estate.

The defendant testified that he had given the plaintiff two notes for $1,000 each in May, 1889, because she wanted some guaranty that he would carry out the settlement, but that he told her at the time that they were not to be of any effect if the settlement was carried through; that on August 23 the plaintiff called him into the rear office of his counsel, and demanded two notes in place of the two which she held, but he told her they would not be any good if the settlement went through, but that she said she would take her chances of making it hot enough for him so that he would pay them; that he accordingly gave her the two notes in suit, in place of the other two which were surrendered; that he understood that, if he gave them to her, she would carry out the agreement; and that he did not know whether she would or not if he did not give them to her.

Neither the plaintiff, the defendant, nor the plaintiff's counsel communicated the giving of the notes to the defendant's attorneys at the time of the settlement.

The defendant requested the judge to rule as follows:

" 1. It is not competent for the plaintiff to contradict or vary by oral testimony the terms of the release, or to show by oral testimony that the settlement embraced the delivery to the plaintiff of the two notes in suit, in addition to the cash and notes spe-

cially mentioned in said release. 2. Upon all the evidence in the case, the notes in suit were discharged by the release. 3. It is not competent for the plaintiff to contradict or vary the terms of the release by oral evidence that it was given in consideration of the delivery to her of the two notes in suit in addition to the cash, notes, and bond of indemnity specified in said release. 4. Upon all the evidence in the case, there was no consideration for the notes in suit. 5. A claim on the part of the plaintiff, as executrix of the will of her husband, if any existed, was not a legal consideration for the notes in suit. 6. Upon all the evidence in the case, the plaintiff is not enti-- tled to recover."

The judge refused to give these rulings, except the first part of the first ruling requested as far as the words " or to show " ; found for the plaintiff, and° assessed damages in the sum of $2,294.80 ; and also made the following finding of facts : " The court finds that the notes declared on in said action were given as a part of the consideration of the release of the plaintiff to the defendant, and that the same belong to the estate of her deceased husband, James Hill." The defendant alleged exceptions.

*F. E. Snow, ( W. A. Gaston* with him,) for the defendant.

*S. H. Tyng*, for the plaintiff.

KNOWLTON, J. There was abundant evidence to warrant the finding of the justice of the Superior Court that the notes declared on were given as a part of the consideration for the release to the defendant, and that they belonged to the estate of the plaintiff's deceased husband.

The questions raised by the defendant's requests for rulings may be reduced to three : first, whether it was competent to prove that the notes were given as a part of the consideration of the release signed by the plaintiff as executrix, notwithstanding the recital in the release of a different consideration which does not include this ; secondly, whether the notes, being given to the plaintiff in her own name, and not in her name as executrix, can be enforced, if founded on a consideration moving from her as executrix ; and thirdly, whether they are barred by the release itself, which purports to discharge the defendant from all debts, demands, actions, or causes of action.

1. It has repeatedly been held in this Commonwealth that the recital of a consideration in a deed does not preclude either party from showing an additional consideration; and it was competent for the plaintiff to show that the notes were given as a part of the consideration for the release, in addition to the consideration mentioned therein. *Wilkinson* v. *Scott*, 17 Mass. 249, 257. *Preble* v. *Baldwin*, 6 Cush. 549. *Clark* v. *Deshon*, 12 Cush. 589. *Twomey* v. *Crowley*, 137 Mass. 184. *Soule* v. *Soule*, 157 Mass. 451.

2. The fact that the notes were made payable to the plaintiff in her own name, without mention of her official relation as executrix, does not affect their validity. It is her duty to collect them and account for the proceeds as assets of the estate of the testator.

3. The release does not bar or discharge notes which came into existence as part of the transaction of giving the release, which were given as a part. of the consideration for it, and which first took effect, to create a liability, at the instant when the release took effect. The release operated only on liabilities which were in existence when it was given.

*Exceptions overruled.*