JOSEPH MYRON *vs.* UNION RAILROAD COMPANY.

The general rule that oral evidence will not be received to add to or vary the terms of a written contract applies to releases as well as to other written instruments.

The only exception to the rule is that where it is apparent from an inspection of the instrument that it is incomplete and does not embrace the entire contract, oral testimony is admissible to supplement, but not to vary or contradict that which is written.

A release acknowledging the receipt of $900 in full settlement and discharge of all demands and suits and particularly of any demand or suit arising from an injury specified in the release, and releasing and discharging all present and future liability for such injury, and agreeing that the release may be pleaded in bar to any suit at law or in equity which may be brought for such injury is a bar to an action brought by the releasor against the releasee on an alleged agreement to give the releasor employment as an additional consideration for the release.

ASSUMPSIT.   Certified from the Common Pleas Division on demurrer to a plea in bar.

The contract declared on was in substance that the defendant corporation, in consideration that the plaintiff would forbear to bring suit against it for injuries sustained and would and did release to the defendant all claims for such injuries, agreed with the plaintiff to give him employment.   The defendant pleaded in bar the release, the substance of which is stated in the opinion of the court.

*June* 21, 1895.   MATTESON, C. J.   The general rule that oral evidence will not be received to add to or vary the terms of a written contract applies to releases as well as other written instruments.   If parties have put their contract into writing, the written instrument is to be regarded as the only evidence of the contract as finally concluded : oral evidence

of what was said or done during the negotiations will not be admitted either to contradict what is written or to supply terms with respect to which the writing is silent. The purpose of the rule is to enable parties to make their written contracts the only evidence of their undertakings and to protect themselves against the hazard of uncertain oral testimony in respect to their engagements. A moment's consideration will serve to show how highly important the rule is to the security of contracting parties, if indeed it is not indispensable. The only exception to the rule is when the written contract is incomplete and it is apparent from an inspection of the instrument that it does not embrace the entire contract : in such a case resort may be had to oral testimony to supplement, but not to vary or contradict what is written. *Naumberg* v. *Young*, 44 N. J. L. 331 ; *Thomas* v. *Scutt*, 127 N. Y. 133.

The release in the case at bar does not appear on inspection to be incomplete : on the contrary, it is a formal instrument under seal, evidently designed to be a complete discharge of the defendant company from all liability to the plaintiff for the injury he had received. It begins by acknowledging the receipt of $900 from the defendant in full settlement and discharge of any debt, demand, claim and suit, and of all debts, demands, claims and suits of whatever nature, which the plaintiff has against the defendant, and particularly in full settlement and discharge of any claim, demand or suit which the plaintiff at the time of the release had against the defendant, either in law or equity, growing out of or arising from the injury or injuries sustained by the plaintiff on the day of the accident on High Street in Providence, and goes on to release and discharge the defendant from all present and future liability to the plaintiff for the injury or injuries sustained and agrees that the release may be pleaded in bar to any suit at law or equity which may be brought by reason of such injury or injuries. The purpose to discharge the defendant from all liability subsequent to the release and the consideration paid for the extinguishment of liability could scarcely be more clearly expressed. In the face of so full

and comprehensive a release, the plaintiff cannot be. permitted to urge that the defendant agreed in addition to the $900 expressed as the consideration of the release to give him employment and pay him a sufficient amount of wages each week to support him and his family as he and they had been supported previously to the receipt of the injury so long as he should live and be willing to remain in the employment of the company. *White* v. *Richmond & Danville Railroad Co.*, 110 N. C. 456. To do so would be to permit the plaintiff by oral testimony to add to the terms of a written instrument which is apparently complete in itself a matter concerning which the instrument is silent and that, too, when in legal contemplation, the release is to be regarded as the only evidence of the contract of the parties as finally concluded.

The plea setting up the release in bar of the action is sustained and the demurrer to it overruled.

*J. Jerome Hahn*, for plaintiff.

*David S. Baker & William C. Baker*, for defendant.