COSTRENZE VIVIRITO, Appellant, v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Second Department, March 30, 1917.

Master and servant — negligence — action for personal injuries — defense — general release — evidence — parol evidence contrary to written release.

Where, in an action for personal injuries, the defendant claims as a defense a general release by which the plaintiff released all claims for a certain sum, which was recited to be "the sole consideration and without any other promise or agreement," which sum was duly paid and acknowledged, an offer by the plaintiff to show that defendant's agent had orally promised that when he became able to walk about he should have a job with the defendant, being contrary to the written release, was inadmissible.

No fraud or deceit being shown and the plaintiff having fully comprehended the release, it was valid and a good defense.

APPEAL by the plaintiff, Costrenze Vivirito, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 23d day of June, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day, denying plaintiff's motion for a new trial made upon the minutes.

The judgment sustained the validity of a release executed by plaintiff in settlement of his claim for personal injuries.

*Isaac V. Schavrien,* for the appellant.

*Robert A. Kutschbock* [*Alexander S. Lyman* with him on the brief], for the respondent.

PUTNAM, J.:

On January 7, 1913, plaintiff received personal injuries in alighting from defendant's train at Hartsdale, N. Y. Plaintiff was an Italian, who had worked as a blacksmith. He was fifty-five years old, married, with a family. In his suit for personal injuries, the second defense raised was a general release, given March 13, 1913, by which plaintiff released all claims for the sum of $5,000, which was recited to be "the sole con-

sideration and without any other promise or agreement." This sum was duly paid and acknowledged. Plaintiff's witnesses sought to show that defendant's agent had orally promised that when he would become able to walk about he should have a job with the defendant. But such alleged inducement, being in the teeth of the written release, was inadmissible. No fraud or deceit was shown. Several interviews had been had at plaintiff's house. After various offers had been rejected the sum of $5,000 was accepted at an interview extending over three hours. Plaintiff executed the release when counseled by a group of his family, consisting of his wife, his son Joseph, who was then in the high school, but at the time of the trial a student in the University of Pennsylvania, and his brother-in-law. The negotiations had been in Italian. The document was interpreted to him with care to have plaintiff comprehend the details and finality of the settlement. As executed the instrument was exactly as both parties intended. Plaintiff had been distinctly told that the matter of a future job could not be a part of the release. When again plaintiff sought to include such an arrangement for his employment he was answered, " It is no use; the law don't permit it." Thus the release was complete and expressed what plaintiff knew it contained, without the slightest ground to impeach it for fraudulent omission, or any basis to have the instrument reformed. As it was shown, without contradiction, that plaintiff knew what he had agreed, and comprehended what he signed, and as defendant had fully carried out the settlement, the jury were rightly directed to find for the defendant.

The judgment and order should be affirmed, with costs.

Present — JENKS, P. J., MILLS, RICH, PUTNAM and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.