## SANDERS v. NORTHWESTERN BELL TELEPHONE CO.
### No. 9474.

Circuit Court of Appeals, Eighth Circuit.
June 22, 1933.

Harry A. Weaver, of Fargo, N. D. (Lemke & Weaver, of Fargo, N. D., on the brief), for appellant.

Philip R. Bangs, of Grand Forks, N. D. (Karl F. Oehler, of Omaha, Neb., Tracy R. Bangs, of Fargo, N. D., and Frank E. Randall, of Omaha, Neb., on the brief), for appellee.

Before STONE and WOODROUGH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge.

This was an action at law for damages for breach of a contract. The trial court directed a verdict against the plaintiff and dismissed his action, and he has appealed. In his petition the plaintiff alleged that he had been employed at Grand Forks, N. D., by the defendant telephone company as a repairer of its lines from April 20, 1910, until December 4, 1930, when he was discharged. He alleged that the discharge was wrongful because he had an agreement with the defendant for employment during his life, and that the discharge was without cause. In averring his contract for lifetime employment, he alleged that the defendant had established certain funds for the pensioning of its employees, and for disability benefits growing out of accidents to them, and that he met with an accident near Grand Forks on July 17, 1918, in the course of his employment, which entitled him to receive from these funds a sum in excess of $5,000 to be paid in installments through a period of six years; that the defendant, by its agent, in Decem-

ber, 1918, had offered to pay him a sum amounting, with some prior payments, to $1,200, and to give to him full-time employment for life, together with the benefit of the defendant's pension and disability benefits, in settlement of this amount of over $5,000 due to him; that he had accepted the offer, and had continued in the employment of the defendant until his discharge.

The defendant's answer, in addition to a general denial, alleged that prior to January, 1921, the plaintiff was employed by the Northwestern Telephone Exchange Company (hereafter referred to as the Exchange Company), a corporation organized under the laws of Minnesota, that the defendant, the Northwestern Bell Telephone Company (hereafter referred to as the Bell Company), was incorporated under the laws of Iowa. It admitted that the plaintiff had been employed by the defendant, the Bell Company, for a period before his discharge. It also set up as a defense that the plaintiff had sustained the accident of which he complained while in the employment of the Exchange Company, and that he had on or about January 15, 1919, executed and delivered to the Exchange Company two agreements as follows:

"In consideration of the compensation payable to me by the Northwestern Telephone Exchange Company under its Plan for Employees' Pensions, Disability Benefits and Insurance, I elect, in accordance with the provisions contained in paragraph 28 of Section 9 of the Plan, to accept the benefits to which I am entitled under the Plan in lieu of and in release of any claims and demands which I might otherwise have against said Company on account of injuries sustained by me at Grand Forks in the State of North Dakota, on July 7th, 1918.

"(Signed) J. J. Sanders, Employee.
"In presence of:
"Geo. K. Bennett,
"Nellie Woolsey."

"I, J. J. Sanders of Grand Forks, North Dakota, for and in consideration of the sum of One Thousand Four Dollars ($1004.00) to me in hand paid by the Northwestern Telephone Exchange Company, a Minnesota Corporation, this in addition to One Hundred Ninety-six Dollars ($196.00) heretofore paid, making a total of Twelve Hundred Dollars ($1200.00) the receipt whereof is hereby acknowledged, do hereby release and forever discharge the said Northwestern Telephone Exchange Company for any and all claims or liability arising out of or in connection with

an accident which occurred to me on July 7th, 1918, resulting in the loss of vision of my left eye.

"This receipt and release is given on my part especially to cover the matter of any sum due by reason of the Plan for Employees' Pensions, Disability Benefits and Death Benefits in effect by the said Telephone Company at the time of said accident.

"In witness whereof I have hereunto set my hand and seal at Fargo this 15th day of January, 1919.

"(Signed)   J. J. Sanders.

"In presence of:

"(Signed)   Ella Slattery, Notary Public, Cass Co., N. Dak.

"My commission expires Sept. 28, 1924.

"(Seal.)"

The answer further alleged that the plaintiff had accepted from the Exchange Company the payments mentioned in these instruments in satisfaction of all claims against that company.

The assignments of error challenge the direction of the verdict. The evidence offered tended to show that the plaintiff was employed by the Exchange Company in April, 1910, and continued to work for that company until 1921. On July 7, 1918, the plaintiff incurred an accident, in the course of his employment, which resulted in the loss of an eye. Under the disability and pension plans of the Exchange Company, the plaintiff was entitled to receive 100 per cent. of his loss in earning capacity for thirteen weeks, and 50 per cent. of his loss in earning capacity for the remainder of his disability, the period of payments not exceeding six years. At the time of the accident, the plaintiff was 46 years old. The Exchange Company's pension plan covered employees aged 60 years or more, whose term of employment with the company had been twenty years or more. The plaintiff returned to work for the Exchange Company in a few weeks after his accident and continued at his usual labor. On January 15, 1919, the plaintiff had a conversation with an officer of the Exchange Company relating to the accident that the plaintiff had suffered, and, at the end of the negotiations, the plaintiff signed the writings which have been set out, and received the check referred to.

The plaintiff offered testimony seeking to prove that the Bell Company, as the successor of the Exchange Company, was obligated to perform the contract of the Exchange Company to continue his employment. The plaintiff testified that, in the course of the negotiations for settlement and before he signed the release, the officer of the Exchange Company told him that he wished to make a settlement, that he had a check for $1,004 and a receipt; that he wanted a receipt and release; that the plaintiff would get a lifetime job with the company if he signed the papers; and that, if he did not, he was through. The plaintiff testified that he replied that, if that were the best that could be done, he would accept the lifetime job. No other proof of the alleged oral contract was offered.

The testimony as to the agreement to continue to employ the plaintiff was received over the objections of the defendant to the reception of parol evidence tending to vary or add to the terms of the release. There was further testimony that after the execution of the release the plaintiff continued to work for the Exchange Company until some time in 1921. At that time the Bell Company succeeded the Exchange Company in the conduct of the business and the plaintiff worked for that company until his discharge. At the conclusion of the plaintiff's evidence, the court sustained a motion by the defendant, which asked that a verdict should be returned in its favor. The motion was based upon a number of grounds; one of them being that the evidence was insufficient to sustain a verdict in favor of the plaintiff. On this appeal the insufficiency of the plaintiff's testimony to prove the contract relied on is presented.

The question involved has come before the courts in many cases similar to this one, and the decisions of the courts are not in harmony. In Galvin v. Boston El. Ry. Co., 180 Mass. 587, 62 N. E. 961, Chief Justice Holmes stated the question and gave the answer of the court in this way:

"This is an action upon an oral contract to give the plaintiff employment, which he says the defendant made as a part of the consideration for his executing a release of all claims growing out of a personal injury suffered by him while in the defendant's employ. At the trial evidence of the contract was excluded and the plaintiff excepted. We are of opinion that the evidence should have been admitted. Proof that the contract was made as an additional consideration is not precluded by the fact that the release purports to be in consideration of the sum of forty-nine dollars and sixty-three cents. Hill v. Whidden, 158 Mass. 267, 33 N. E. 526; Clark v. Deshon, 12 Cush. [Mass.] 589. Neither did the evidence contradict the operative words of release. The release is of rights given to the plaintiff by the law in consequence of the injury to him. The evi-

dence went to prove new rights arising not out of the injury but out of a contract contemporaneous with the release. The release left the contract untouched. Hill v. Whidden, 158 Mass. 267, 33 N. E. 526.

The case at bar is sufficiently disposed of by Hill v. Whidden, but the decisions in other jurisdictions, so far as we have seen, are to the same effect. Hobbs v. Light Co., 75 Mich. 550, 42 N. W. 965; [Carter White] Lead Co. v. Kinlin, 47 Neb. 409, 66 N. W. 536; Harrington v. Railway Co., 60 Mo. App. 223; Pennsylvania Co. v. Dolan, 6 Ind. App. 109, 32 N. E. 802, 51 Am. St. Rep. 289; Smith v. Railroad Co., 60 Minn. 330, 62 N. W. 392."

In the case of Pennsylvania Co. v. Dolan, 6 Ind. App. 109, 32 N. E. 802, 806, 51 Am. St. Rep. 289, it appeared that the employee had received $100 from his employer and had executed a release of all claims because of injuries which he had received. The employee had alleged that the employer, as a part of the settlement, had also agreed to re-employ him permanently, but had discharged him without cause soon after the settlement was made. It was held that the plaintiff's testimony of the oral agreement could be received, and the court said:

"In the case at bar the parol agreement to employ the appellee at a certain compensation was purely collateral to the release. If the parties had undertaken to put the terms of the consideration, so far as it relates to the employment, in the written release, perhaps they would be concluded by its recitals, inasmuch as such portion of the consideration is contractual in its character. In that event the instrument would be more than a release, however; it would embrace also the contract for future employment; and in an action for the breach of such contract the instrument would doubtless constitute the foundation. But as the writing is incomplete, and does not contain a stipulation for a contractual consideration, nor an enforceable contract, extrinsic facts may be averred and proved showing its true consideration."

In many other cases of this nature, where the parties have concluded their negotiations for settlement by the payment of a sum of money to the employee and by the execution of a release by the employee, it has been held that testimony will not be received to show an oral contemporaneous contract for the continued employment of the injured person. C. A. Smith Lumber & Mfg. Co. v. Parker (C. C. A.) 224 F. 347; E. I. Du Pont de Nemours & Co. v. Kelly (C. C. A.) 252 F. 523; Central R. Co. v. Paslick (C. C. A.) 239 F. 713, 715; Huntington v. Toledo, St. L. & W. R. Co. (C. C. A.) 175 F. 532; Chaplin v. Gerald, 104 Me. 187, 71 A. 712; Atchison, T. & S. F. R. Co. v. Vanordstrand, 67 Kan. 386, 73 P. 113; Myron v. Union R. Co., 19 R. I. 125, 32 A. 165; White v. Richmond & D. R. Co., 110 N. C. 456, 15 S. E. 197; English v. New Orleans & N. E. R. Co., 100 Miss. 575, 56 So. 665; Jessup v. Chicago & N. W. Ry. Co., 99 Iowa, 189, 68 N. W. 673; Jackowski v. Illinois Steel Co., 103 Wis. 448, 79 N. W. 757; Tate v. Wabash R. Co., 131 Mo. App. 107, 110 S. W. 622.

Since the trial of this case, this court has considered a case which presented the question. Gunter v. Standard Oil Co. (C. C. A.) 60 F.(2d) 389, 390. In that case the plaintiff had brought suit against his former employer, alleging a breach of an oral agreement for lifetime employment. It appeared that the plaintiff had suffered an accident while working for the employer and that a release had been executed by the plaintiff, which read as follows:

"Settlement for Injuries

"Do not sign without understanding

"Received of The Standard Oil Company, an Indiana Corporation, the sum of Two Hundred & no/100 Dollars ($200.00) in full settlement and satisfaction of all claims and demands whatsoever to date hereof, including any and all claims for damages arising out of accidental injuries sustained by me at the Plant of said Standard Oil Company, on or about the 17th day of March, 1923. This release being intended to cover all claims for damages on account of said injuries, or the results or consequences flowing therefrom.

"In Witness Whereof, I have hereunto set my hand and seal at Sugar Creek, State of Missouri, this 31st day of May, 1923.

"(Signed)   Sam J. Gunter   (Seal)."

The plaintiff admitted that he had executed this release, but claimed that one of the considerations for his signing was an agreement by his employer to continue his employment. This court reviewed many of the decisions which have been cited, and other cases, and held that the instrument of release was contractual as to the consideration mentioned in the release, and that evidence of the alleged oral contract was not admissible.

The facts in that case are essentially the same as the facts in this case, so far as the settlement, release, and alleged oral contracts are concerned, and, applying the principles announced in that case, it is held that the plaintiff failed to prove by competent evi-

dence the contract upon which he relied, and the judgment will be affirmed.

STONE, Circuit Judge (concurring).

While I think the judgment should be affirmed I reach that conclusion for a reason apart from that stated in the majority opinion. One of the contentions made by appellee at the trial was that, even if the contract for employment, as alleged, was found to exist, yet it would not prevent discharge of Mr. Sanders thereunder for cause, and that a sufficient cause existed for his discharge. While it would have no right to discharge appellant without real cause, yet its action was based upon signed statements made to it by appellant, which clearly showed that he was drinking intoxicating liquor while out on the service of the company. There is a showing that he protested he was not responsible for the accident which resulted in his discharge. In compliance with this protest the company apparently accorded him a fair hearing upon the matter. The evidence is entirely barren of what matters were presented by him at that hearing which would have a bearing upon his conduct in connection with the accident. So far as this record is concerned, the information upon which the company acted is contained in his two signed statements. In my judgment, those statements justified a discharge. There is no contention that the company did not have the right to discharge for cause and that the discharge for cause would absolve the company from all liability under the alleged contract and the resulting benefits of pension and otherwise.