# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## GEORGE E. HARVEY v. RICHMOND, FREDERICKSBURG AND POTOMAC RAILWAY COMPANY.

March 22, 1934.

Present, Campbell, C. J., and Holt, Gregory and Chinn, JJ.

The opinion states the case.

*George E. Allen* and *Roscoe Carden,* for the plaintiff in error.

*E. Randolph Williams, Edmund M. Preston* and *Stephen H. Simes,* for the defendant in error.

Gregory, J., delivered the opinion of the court.

Harvey, who will hereinafter be referred to as the plaintiff, instituted an action at law against the Richmond, Fredericksburg and Potomac Railway Company, which will be referred to as the defendant, alleging a breach of an oral contract whereby he claimed that the defendant agreed to furnish him employment for his life. The case was tried by a jury and when the evidence of the plaintiff had been introduced, counsel for the defendant moved that it be excluded. The court sustained the motion, excluded the evidence and the jury returned a verdict for the defendant upon which the judgment now complained of was entered.

A brief statement of the facts over which there is no controversy follows:

On July 26, 1923, Harvey was, and for some time prior thereto had been, in the employ of the defendant as a car repairer earning certain wages. On that day, while in the performance of the duties assigned him and in the course of his employment, he sustained very serious bodily injuries which necessitated hospital treatment and resulted in incapacitating him for work for a long time. He claimed that the defendant was liable to him for his injuries, and negotiations for a compromise were commenced between him and H. J. Wartham, superintendent

of motive power, and U. L. Sweeney, claim agent for the defendant. As a result of these negotiations Harvey executed and delivered to the said agents of the defendant the following agreement of release:

"Know all men by these presents, That I, Geo. E. Harvey (hereinafter called the claimant), for and in consideration of the sum of ($500.00) five hundred and 00/100 dollars lawful money to me paid by the Richmond, Fredericksburg and Potomac Railroad Company (hereinafter called the company), at the time of the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has or have remised, released and forever quit-claimed and discharged, and by these presents does or do remise, release and forever quit-claim and discharge unto the said company and its successors, all claims and demands which said claimant, or any person or persons claiming by, through or under said claimant, may have, or may at any time hereafter have, against the said company or its successors, for, by reason of, or in any manner based upon or growing out of any matter, cause or thing whatsoever, now existing or heretofore occurring and particularly by reason of personal injury received at or near Boulton Shops, Richmond, Virginia, on or about July 26, 1923. And the said claimant does or do hereby declare any and all such claims or demands to be, by the payment aforesaid, wholly and forever satisfied and extinguished; it being expressly understood and agreed, however, that the said company in paying the said sum of money does so by way of compromise of the claims and demands aforesaid, and without prejudice or admitting any liability therefor by itself or its successors.

"Witness the following signature and seal this 12th day of December, nineteen hundred and twenty-three.
"(Signed) Geo. E. Harvey. (Seal)"

It is claimed by Harvey that at the time of the signing and delivery of the said release the said agents of the defendant orally agreed with him that in addition to $500.00

which was then paid to him that the defendant would pay any and all hospital and doctor's bills which might be necessarily incurred to relieve him of his injuries and to receive him back in the defendant company's employ and continue him therein for the term of his life, give him such work as he was able to perform with reasonable efficiency, and pay him therefor at the same rate of pay at which he was being paid when he sustained his injuries.

Subsequently Harvey was taken back into the defendant company's employ and continued until April 30, 1931, performing such duties as were assigned to him. During that time the defendant paid his hospital and doctor's bills that were made necessary by the injuries he had received.

On April 15, 1931, the defendant notified Harvey that he would not be retained longer than the 30th day of April, 1931, as an employee and that any hospital or medical expenses incurred after that date by him would not be borne by the defendant. This resulted in his discharge from the service on April 30, 1931. A short time thereafter Harvey was restored to his usual health, was examined and passed by one of the physicians of the defendant company and was reported to be in good condition for work. He demanded a continuance of his employment but the defendant refused to receive him as an employee and refused to pay or become responsible for any hospital or doctor's bills incurred after April 30, 1931.

The present action was founded upon a breach of the alleged oral contract to continue Harvey in the employment of the defendant company for his life and to pay such hospital and doctor's bills as were made necessary by the said injury.

The notice of motion filed in the action contained substantially the facts which have been stated. The defendant company, by its counsel, filed a demurrer and grounds of demurrer, a plea of non-assumpsit and a plea of not guilty. Later it filed its grounds of defense.

During the progress of the trial the release was introduced in the evidence and when Harvey admitted that he had executed it, counsel for the defendant objected to the admission of any parol testimony relating to the oral contract of employment, and moved to exclude that which had been introduced upon the ground that the consideration stated in the release was contractual in its nature and that to admit parol evidence of the oral contract would violate the parol evidence rule which prohibited the introduction of parol testimony to vary, alter, or contradict the terms of a written contract. The court sustained the objection, rejected the parol evidence for the reasons stated in the motion and excluded all of the testimony which had been introduced for the plaintiff. This resulted in the verdict and judgment in favor of the defendant.

The assignment of error is directed to the ruling of the court in excluding the evidence offered by the plaintiff and in refusing to set aside the verdict of the jury as contrary to the law and the evidence.

The defendant contends that "there are two good reasons why, as a matter of law, the plaintiff cannot prevail in the face of the release he has executed; the first, that parol evidence is not admissible to set up the alleged contract; and second, that the agents of the defendant had no authority to make such a contract as that set up by the plaintiff."

The plaintiff contends that the parol evidence should have been admitted, because the written release "was merely a part of a more comprehensive parol agreement," and therefore the parol evidence rule has no application. He also contends that even if the parol evidence rule does apply and the written release be considerd as a contract, parol evidence would be admissible to show the true consideration therefor.

From these respective contentions it is obvious that the sole question presented here is whether or not the plaintiff will be permitted to establish the verbal con-

tract of life employment and its breach by parol testimony in the face of the written release which appears to be complete and also appears to embrace and merge all subjects agreed upon between the parties, the written release and the alleged oral contract having been made contemporaneously.

Counsel on both sides have strikingly exhibited great industry in gathering the authorities on the subject under consideration. They have filed comprehensive briefs and no doubt the court can rely with confidence upon the fact that they have furnished a complete and fair review of all of the authorities. We will not undertake to cite or discuss all of the cases which have been relied upon, criticized or explained, but will content ourselves with a discussion of some of them which we deem in point and sufficient for our purpose.

Counsel for the plaintiff places reliance upon the following Virginia cases as supporting the statement that the parol evidence rule is not applicable where a writing is merely a part of a more comprehensive oral agreement: *Brent* v. *Richards*, 2 Gratt. (43 Va.) 539; *Towner* v. *Lucas' Ex'r*, 13 Gratt. (54 Va.) 705; *Rector* v. *Hancock*, 127 Va. 108, 102 S. E. 663, and *Whitaker & Fowle* v. *Lane*, 128 Va. 349, 104 S. E. 252, 11 A. L. R. 1157.

Generally speaking, where it is apparent from the written contract that it is not a complete integration of all prior and contemporaneous negotiations between the parties which have been agreed upon, parol evidence is admissible to supply those things which were omitted if the part omitted is not inconsistent with the writing but independent of and in addition to it. In such case no merger has taken place and the written contract cannot be invoked as an estoppel.

In the *Brent Case, supra,* which was followed and confirmed by the other cases above cited, the plaintiff sold to the defendant, a slave and executed to him a simple bill of sale under seal, but did not incorporate therein a provision for an option to repurchase the slave,

that had been previously agreed upon at a certain stipulated sum, in the event the defendant desired to dispose of the slave. The defendant sold the slave to a third party without first offering the plaintiff an opportunity to repurchase at the agreed sum, whereupon the plaintiff instituted an action against the defendant and the court permitted the introduction of parol testimony to establish the oral agreement to repurchase the slave. It was held by this court that the oral agreement of repurchase was "neither inconsistent with nor contradictory of the bill of sale. At most it is but additional. The deed but put the property in the condition in which the contract sued on begins to operate." * * * It was further held that the oral contract of the vendee could not be merged by the deed of the vendor. The court concluded that the admissibility of parol testimony to establish the oral agreement to repurchase the slave did not violate the parol evidence rule. In effect this court holds that parol evidence is admissible to show additional independent facts, contemporaneously agreed upon and not inconsistent with or contradictory of the writing.

The facts in the *Brent Case* are so different from those in the case at bar, that we fail to appreciate its applicability as supporting the contention of the plaintiff. We do not think the other Virginia cases cited above are in point.

In the case at bar the alleged oral contract sought to be enforced is inseparable from the written release. They completely interlock. The consideration for the alleged contract of life employment is a part of the consideration for the release. It could not be predicated on services to be rendered for the plaintiff's life unless there was some additional consideration other than wages. If there was no additional consideration the employment would be terminable at will. This is conceded by the plaintiff.

While it is true that the subject matter of the release was the alleged tort of the defendant and the subject

matter of this action is an alleged oral contract of life employment, yet they are both an outgrowth of the plaintiff's original claim for damages for personal injuries and are legitimate subjects for a compromise agreement such as is evidenced by the written release. But the release contains no provision for life employment.

There are many cases from other jurisdictions which are in point. The majority rule seems to be that parol evidence of a verbal contract of employment is not admitted in the face of a release such as we have in the case at bar. The minority view is illustrated by the case of *Galvin* v. *Boston, etc., Ry. Co.,* 180 Mass. 587, 62 N. E. 961, in which Holmes, C. J., said:

"This is an action upon an oral contract to give the plaintiff employment, which he says the defendant made as a part of the consideration for his executing a release of all claims growing out of a personal injury suffered by him while in the defendant's employ. At the trial evidence of the contract was excluded and the plaintiff excepted. We are of opinion that the evidence should have been admitted. Proof that the contract was made as an additional consideration is not precluded by the fact that the release purports to be in consideration of the sum of forty-nine dollars and sixty-three cents. *Hill* v. *Whidden,* 158 Mass. 267, 33 N. E. 526; *Clark* v. *Deshon,* 12 Cush. (Mass.) 589. Neither did the evidence contradict the operative words of release. The release is of rights given to the plaintiff by the law in consequence of the injury to him. The evidence went to prove new right arising not out of the injury but out of a contract contemporaneous with the release. The release left the contract untouched. *Hill* v. *Whidden,* 158 Mass. 267, 33 N. E. 526.

"The case at bar is sufficiently disposed of by *Hill* v. *Whidden,* but the decisions in other jurisdictions, so far as we have seen, are to the same effect. *Hobbs* v. *Light Co.,* 75 Mich. 550, 42 N. W. 965; *Carter White Lead Co.* v. *Kinlin,* 47 Neb. 409, 66 N. W. 536; *Harrington* v. *Railway Co.,* 60 Mo. App. 223; *Pennsylvania Co.* v. *Dolan,* 6 Ind.

App. 109, 32 N. E. 802, 51 Am. St. Rep. 289; *Smith* v. *Railroad Co.*, 60 Minn. 330, 62 N. W. 392."

In some of the cases parol evidence has been allowed to show the true consideration for the written release where the consideration specified is a mere recital and is not contractual in its nature. But where the consideration is contractual, parol evidence is not admitted to show the true consideration. This distinction seems to be applied by the Indiana court. In *Penn. Ry. Co.* v. *Dolan,* 6 Ind. App. 109, 32 N. E. 802, 51 Am. St. Rep. 289, where a release of claim to damages for personal injury had been taken by the railway company, the court held that the oral contract for employment of the injured employee was purely collateral to the release. It was further held that the writing was not complete and that it did not contain a stipulation for a contractual consideration.

The release involved in the *Dolan Case* was substantially different from the one in the case at bar and in that case many other points were raised and decided. It was attacked by counsel for the defendant but after all that has been said concerning it, we think its principles, in the main, support the view of counsel for the plaintiff and that it has not been successfully distinguished. It is the leading case on the subject in Indiana and has been cited and followed in later cases in that State.

Some of the cases which have followed the *Dolan Case,* or which are authority for the position of the plaintiff that an oral contract of employment may be shown by parol, notwithstanding the written release, follow: *Ill. Central Ry. Co.* v. *Fairchild,* 48 Ind. App. 300, 91 N. E. 836; *Amer. Car & Foundry Co.* v. *Smock,* 48 Ind. App. 359, 91 N. E. 749, 93 N. E. 78; *Carter* v. *Richart,* 65 Ind. App. 255, 114 N. E. 110; *Tylee* v. *Ill. Cent. Ry. Co.,* 97 Neb. 646, 150 N. W. 1015, and *McDaniel* v. *United Railways Co.,* 165 Mo. App. 678, 148 S. W. 464.

After a careful consideration of all of the cases referred to by counsel on both sides of the present litiga-

tion we have concluded to adopt the majority rule, which we think is the more reasonable one, and which fully sustains the position of counsel for the defendant. The written release here involved is full and comprehensive. It operates to release all claims which the plaintiff had or which may accrue to him, and especially any claims he had or may have against the defendant by reason of the accident which resulted in his injury. There is no suggestion from the writing that there was any omission or that any matter was left open. To adopt the contention of the plaintiff it would be necessary to add to the consideration expressed in the writing the words: "and life employment, etc."

In this connection this court in speaking of the parol evidence rule in *Trout* v. *N. & W. R. R. Co.,* 107 Va. 576, 59 S. E. 394, 398, 17 L. R. A. (N. S.) 702, said:

"This rule applies with more force in a court of law than in one of equity, and in referring to the rule, Harrison, J., in *Slaughter* v. *Smither,* 97 Va. 206, 33 S. E. 544, 545, says: 'This court has manifested no disposition to fritter away the rule of evidence in question by nice distinctions to meet the hardships, real or supposed, of particular cases.' It was there further said, that it cannot be assumed that the written contract between the parties was designed as an imperfect expression of their agreement from the mere fact that it contains nothing on the subject to which the parol evidence offered is directed. 'On that assumption, the rule which excludes parol proof as a means of adding to the written contract would be entirely abrogated. * * * Where parties have deliberately put their mutual engagements into writing, in such language as imports a legal obligation, it is only reasonable to presume that they have introduced into the written instrument every material term and circumstance; and consequently all parol testimony of conversations held between them, or declarations made by either of them, whether before, after, or at the time of the completion of the contract, will be rejected. If the written contract pur-

ports to contain the whole agreement and it is not apparent from the writing itself that something is left out to be supplied, parol evidence to vary or add to its terms is not admissible.'"

The principles found in the *Trout Case* apply here.

In considering a release substantially like the one in the present case, and where an oral agreement was relied upon for employment of the injured employee, the Federal court followed the majority rule in the case of *Huntington* v. *Toledo, St. L. & W. R. R. Co.,* 175 Fed. 532, 535 (C. C. A. 6th Cir.) where it said:

"It is manifest that this instrument is not a mere receipt. It is contractual in form and substance. On its face it is explicit and apparently complete. Its language is in no particular suggestive of omission. Indeed, it required the offer of oral testimony to disclose any idea of omission. This related to the disputed promise of employment. But, as pointed out in the statement, Huntington was conscious of that omission when he signed the agreement.

"It is claimed in argument that evidence of a promise to employ only affects and was intended only to affect the consideration mentioned in the agreement, and that, like the admission of payment or amount expressed in any ordinary receipt or deed, it may be explained by parol evidence. But the difficulty of applying the rule thus suggested to the present instrument is that, under the testimony offered, it would in terms introduce into the agreement covenants creating (aside from any question under the statute of frauds) new and important legal relations between the parties on the very subject of settlement contained in the written agreement. It would fasten a continuing covenant on the company to employ Huntington and pay him wages so long as he might choose to remain, and, of course, would invest him with a corresponding right so to remain. It therefore needs but to be stated that such testimony would in effect plainly add to the written contract and change it materially as a

whole, and so result in permitting a contract to be re-
formed in a proceeding at law."

*Williams* v. *Chicago, R. I. & P. Ry. Co.,* 109 Ark. 82, 158
S. W. 967, was a case almost identical with the present
one. Williams was an employee of the defendant com-
pany and while working received personal injuries on
account of which he asserted a claim against the com-
pany for damages. Negotiations between him and the
company resulted in a settlement which was reduced to
writing. The writing in that case was substantially the
same as the writing in the present case. Subsequently
Williams was taken back to work by the company but
later discharged. He then brought an action to recover
on a verbal contract alleged to have been entered into by
the company and himself, whereby he was to be given,
as a part of the consideration for the settlement, employ-
ment for his lifetime.

The court held that while parol evidence is admissible
to establish the true consideration in a written instru-
ment when it does not contradict the terms of the writ-
ing, yet in the case of a release of claims for personal in-
jury, executed to the company, which contains more than
a mere recital of the amount paid and showed on its face
that it was a compromise of differences between the
parties concerning the subject matter stated and that
the amount paid was a part of the contract, parol evi-
dence to prove that as a part of the consideration the
employee was to be given a job for life was inconsistent
with the express terms of the release and inadmissible.

The *Williams Case* is strongly relied upon by counsel
for the defendant as authority to sustain their position
and we think it does. Many other pertinent cases are re-
viewed in the briefs but we do not think it necessary to
discuss them. For the convenience of those who may
desire to pursue the subject further reference is here
made to some of the cases of interest: *Texas Co.* v. *Wil-
liams,* 178 Ark. 1100, 13 S. W. (2d) 309; *Jessup* v. *Chicago
& N. W. Ry.,* 99 Iowa 189, 68 N. W. 673; *Milich* v. *Armour*

*Packing Co.,* 60 Kan. 229, 56 Pac. 1; *Chaplin* v. *Gerald,* 104 Me. 187, 71 Atl. 712; *Ala. & V. Ry.* v. *Kropp,* 129 Miss. 616, 92 So. 691; *Orgill Bros. & Co.* v. *Polk,* 155 Miss. 492, 124 So. 649; *English* v. *N. O. & N. E. R. R. Co.,* 100 Miss. 575, 56 So. 665; *Mueller* v. *Shell Pipe Line Corporation* (Mo. App.), 38 S. W. (2d) 297; *Tate* v. *Wabash R. R. Co.,* 131 Mo. App. 107, 110 S. W. 622; *Vivirito* v. *N. Y. C. & H. R. R. Co.,* 177 App. Div. 294, 164 N. Y. S. 79; *White* v. *Richmond & Danville R. R. Co.,* 110 N. C. 456, 15 S. E. 197; *Cleveland, C. C. & St. L. Ry. Co.* v. *Green,* 126 Ohio St. 512, 186 N. E. 365, 87 A. L. R. 1268; *Myron* v. *Union R. R₁ Co.,* 19 R. I. 125, 32 Atl. 165; *Jackowski* v. *Illinois Steel Co.,* 103 Wis. 448, 79 N. W. 757.

■ Our conclusion is that by the written release the parties adjusted their differences, compromised and settled all matters between them. The release was more than a mere receipt. It was the embodiment in writing of their entire agreement. It constituted a discharge of all matters between the parties. It was not an incomplete writing, but embraced the entire contract; therefore the testimony offered by the plaintiff tending to show that as a part of the consideration he was to have a lifetime job in addition to the $500.00 paid him is inconsistent with and tends to vary and contradict the written release. It follows that the judgment of the lower court is correct, and should be affirmed.

*Affirmed.*