ROCK–OLA MANUFACTURING CORPORATION, Appellant,

v.

Dan M. WERTZ, Appellee.

No. 8027.

United States Court of Appeals Fourth Circuit.

Argued March 14, 1960.

Decided Aug. 24, 1960.

John S. Davenport, III, Richmond, Va. (Angus H. Macaulay, Jr., Denny Valentine & Davenport, Richmond, Va., Louis

M. Mantynband, Henry J. Shames, and Arvey, Hodes & Mantynband, Chicago, Ill., on brief), for appellant.

R. R. Ryder, Richmond, Va., for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

A problem of the application of the parol evidence rule is presented here in a not unfamiliar form. The judgment appealed from is based upon testimony of an oral agreement which was permitted over objection to be introduced at the trial in contradiction of explicit provisions of the subsequent written contract of the parties. This, we conclude, was error for which the judgment must be reversed.

The action was brought in the District Court for the Eastern District of Virginia by Rock-Ola, a Delaware corporation engaged in the manufacture of juke boxes, to recover from its distributor Wertz, a resident of Virginia, a sum of money due on notes and open accounts. On a previous appeal in this court, reported in 4 Cir., 249 F.2d 813, the case was remanded for a new trial. At the second trial of the case, Rock-Ola recovered $19,594.42 on its claim, which is not in dispute on this appeal, but Wertz recovered $24,000 on a counterclaim for damages arising from breach of an oral agreement, resulting in a net verdict for Wertz of $4,405.58. At the trial the District Judge overruled Rock-Ola's challenge to Wertz's testimony relating to the alleged oral contract, and later its motions for a directed verdict on the counterclaim and for judgment n.o.v. This is Rock-Ola's appeal in which it contends that the testimony was admitted in violation of the parol evidence rule.

Wertz's testimony was that in September, 1953, he tendered his resignation as Rock-Ola's distributor in the Virginia area, a position which he had held for 15 years. Upon receiving his resignation, Mr. Kurt Kluever, the Assistant Sales Manager of Rock-Ola, telephoned and asked him to continue as distributor on his own terms. The chief terms allegedly laid down by Wertz, and accepted by Kluever, were that the former was to be "financed" by Rock-Ola, and that the agreement was to be "continuous." Wertz also testified that Kluever told him in their phone conversation that Rock-Ola could not put the alleged agreement in writing because this would cause trouble with its other distributors.

On December 28, 1953, however, when the parties entered into a written Distributor's Agreement for the calendar year 1954 no provision was included for financing. In fact the agreement stated:

"18. All purchases of Equipment, accessories and parts by Distributor from Rock-Ola shall be for cash paid in advance. * * *"

It further provided:

"34. This agreement supersedes any and all previous agreements and arrangements which may have been made by Distributor and Rock-Ola, or any predecessor of Rock-Ola, it being expressly agreed that all such previous agreements and arrangements shall be of no force or effect whatsoever. All negotiations, correspondence and memoranda passing between Distributor and Rock-Ola in relation to this agreement are merged in this agreement, which constitutes the entire contract between the parties, it being understood that any warranties, promises, statements or representations not herein expressly reserved or contained are not authorized by nor binding upon either party hereto. No alteration or variation of this agreement shall bind Rock-Ola unless made and executed in writing by Rock-Ola and signed by either the President, Director of Sales, or the Treasurer of Rock-Ola."

Wertz testified that in 1954 David C. Rockola, President of the defendant corporation, told him that it would continue to finance him "one hundred percent."

Nevertheless, on January 1, 1955, Wertz entered into another Distributor's Agreement for that calendar year. It was in all material respects the same as the 1954 agreement and likewise contained no provision for financing.

It is clear from the record that the legal theory upon which the District Judge deemed Wertz's testimony competent was that it could be considered in determining whether the alleged oral agreement was the real or intended agreement of the parties. In charging the jury he said:

> "You are told, however, that in determining what was the real contract between the parties in this case you may consider not only the written agreement to which I have referred and which was offered in evidence, but you may consider all the evidence which has been offered by either party showing that the terms of the written distributorship agreement were changed or modified.
> * * * "

Rock-Ola insists that the testimony contradicted the terms of the subsequent written instrument and thus should not have been considered in determining the contract between the parties.

■ It is settled that the parol evidence rule is not merely a rule of evidence but part of the law of contracts, and therefore, in this diversity action, Virginia law is controlling. Smith v. Bear, 2 Cir., 1956, 237 F.2d 79, 83, 60 A.L.R.2d 1119; Producers Livestock Loan Co. v. Idaho Livestock Auction, Inc., 9 Cir., 1956, 230 F.2d 892, 894; 9 Wigmore, Evidence, 3rd Ed. 1940, § 2400.

However, paragraph 36 of the Distributor's Agreement provides that the contract was "accepted in the State of Illinois, and all matters pertaining to the validity, construction, interpretation and performance of this agreement shall be determined by the laws of the State of Illinois."

■ On behalf of Wertz it is argued that Virginia decisions pertaining to the parol evidence rule are applicable, while Rock-Ola urges that a Virginia court would, if faced with the present problem, look to Illinois decisions. The point appears not to have been passed upon in any case by the Supreme Court of Appeals of Virginia. It is not necessary, however, to determine in this case whether Virginia, under its conflict of laws rules, would apply its own or Illinois parol evidence decisions, for we conclude after examination of the Virginia and Illinois cases that under the law of either state the oral testimony was inadmissible.

Virginia has long recognized traditional exceptions to the parol evidence rule in cases such as fraud or mistake in the execution of a written agreement, Slaughter v. Smither, 1899, 97 Va. 202, 33 S.E. 544, ambiguity or doubt, Shockey v. Westcott, 1949, 189 Va. 381, 53 S.E.2d 17, 20, and to show that a written instrument was not to take effect until the performance of a condition precedent, Whitaker & Fowle v. Lane et al., 1920, 128 Va. 317, 104 S.E. 252, 11 A.L.R. 1157.

No Virginia case, however, has been brought to our attention, nor have we found any, which has sanctioned the admission of evidence of an alleged oral agreement contradicting explicit provisions of a subsequent written contract. To the contrary, Virginia decisions have uniformly rejected such evidence. Slaughter v. Smither, 1899, 97 Va. 202, 33 S.E. 544; Harvey v. Richmond, F. & P. Ry. Co., 1934, 162 Va. 49, 173 S.E. 351, 92 A.L.R. 240. Even where it was argued, as Wertz now does, that the writing was not *intended* to be the true agreement, but rather, that an alleged oral agreement was the actual contract of the parties, evidence of such oral agreement has been excluded. In Jones v. Franklin, 1933, 160 Va. 266, 168 S.E. 753, 754, it was urged that evidence pertaining to the parol agreement was admissible "because it clearly showed that the Conditional Sales Agreement was neither the written memorial of the contract of sale nor was it intended to be." The court, rejecting this contention, described it as "a patent attempt to vary

the terms of the written contract" and declared: "Therefore, the evidence on that ground is clearly inadmissible." Again, in Adams v. Seymour, 1950, 191 Va. 372, 61 S.E.2d 23, the Virginia court affirmed the trial judge's ruling that parol evidence was inadmissible to prove that a deed which on its face conveyed timber, was not the *intended* agreement of the parties.[1]

 Likewise, under Illinois law, Wertz's testimony was excludable. His mere assertion that the written agreement was not *intended* to be the real agreement is not sufficient to bring the case within the "sham" exception to the parol evidence rule on which he ostensibly relies. A recent Illinois decision, Jost v. Cornelius et al., 1949, 334 Ill.App. 279, 79 N.E.2d 310, 313, makes this clear. It was there held that if it is to be shown that a written agreement was not intended to be a valid and existing contract, "it must be shown by clear and convincing proof," and it is evident from the court's discussion in the above case that one party's testimonial assertion that the written agreement was not the intended agreement is not such proof. Corroborating evidence beyond the testimony of one party is clearly required. In the instant case there was no such corroboration.[2] See also Smith v. Bear, 2 Cir., 1956, 237 F.2d 79, 60 A.L.R.2d 1119.

Because the testimony of the alleged oral agreement was improperly admitted,

the verdict in favor of Wertz upon the counterclaim must be set aside. The case will be remanded with directions to enter judgment for Rock-Ola on the counterclaim.

Reversed and Remanded.

---

1. Sale v. Figg, 1935, 164 Va. 402, 180 S.E. 173, 176, upon which Wertz heavily relies, is not in point. The Supreme Court of Appeals of Virginia did state in Sale that an agreement collateral to the written agreement could be proved, but only if the evidence of such an agreement "neither tends to contradict nor to vary the terms of the contract." In the instant case the oral testimony flatly contradicted the terms of the written agreement.

2. While taking the position that Virginia decisions are applicable, Wertz contends that even under Illinois law his testimony would be admissible, relying on Robinson v. Nessel, 86 Ill.App. 212, an 1899 decision by an intermediate Illinois appellate

court. The court's opinion in Robinson does not reveal the nature of the evidence which was offered. In reaching its decision the court stated that "the evidence was also admissible as tending to show a waiver of the written agreement or a discharge of the parties from its terms." It would appear that in view of the discussion in Robinson concerning the admissibility of evidence of a release from a written contract and a reliance on Robinson in a later Illinois case, Morehouse v. Terrill, 1903, 111 Ill.App. 460, involving a release, that the Robinson case involved an alleged agreement to release made subsequent to the written contract. In this view, such evidence would, of course, not present a parol evidence rule problem.