52565. HOWERTON PROPERTIES, INC. et al. v. STEWART.
52566. HOWERTON PROPERTIES, INC. et al. v. GROSSBART.

CLARK, Judge.

These two appeals are by defendants from summary judgments rendered for plaintiff payees of two separate promissory notes executed respectively to plaintiff Stewart and to plaintiff Grossbart by Howerton Properties, Inc. as maker and endorsed by two co-defendants. As the facts in each case are identical these appeals are considered jointly.

This is what happened: There were contentions by plaintiffs that the defendants were indebted to each of them as a result of prior business transactions. To settle their differences the two plaintiffs executed one document entitled "Release." Under the terms of the settlement the liability of the defendants to each plaintiff was fixed at $2,387.50. This was the amount each had paid to Howerton Properties, Inc. to purchase a 5% interest in a land syndication which later became known as Coweta M-B Roads, Ltd. One-half of this sum was to be paid in cash and the other half to be represented by a $1,193.75 promissory note payable to each plaintiff in 90 days. The complaints are upon these promissory notes.

A document captioned "Release" was executed by the two plaintiffs. It recited a consideration of "One Dollar ($1.00) in hand paid to us and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." The parties released were designated as Howerton Properties, Inc. and its officers, directors, agents and employees, they being 13 individuals designated by name plus "Coweta M-B Roads, Ltd.," a Georgia limited partnership. The document then contained the customary general release language.[1] Following this all-inclusive language the release stated, "specifically including, without limitation, any claim in connection with the Two Thousand Three Hundred Eighty-Seven and 50/100 Dollars ($2,387.50) paid by each of the undersigned to Howerton Properties, Inc. for a partnership interest in Coweta M-B Roads, Ltd. The undersigned specifically release and relinquish any claims to any profits and distributions in connection with Coweta M-B Roads, Ltd., and the property owned by Coweta M-B Roads, Ltd."

When the promissory notes were not paid plaintiffs brought these two actions thereon. Defendants answered, admitting that no payment was made on either note and setting forth, inter alia, a defense of release. Thereafter,

---

[1] Early English and American releases used the language "From the Beginning of the World to Date of Execution."

plaintiffs and defendants filed motions for summary judgment.

In support of their summary judgment motions, plaintiffs filed affidavits wherein each averred that as a condition of the transfer of the cash and notes, plaintiffs agreed to execute a general release in favor of defendants. The trial court granted the plaintiffs' motions for summary judgment and denied those of the defendants. These appeals followed. *Held:*

1. It is clear that the promissory notes executed by defendants were given in part consideration for the contemporaneously executed release. Accordingly, the release cannot bar or discharge the notes. Hill v. Whidden, 158 Mass. 267 (33 NE 526). For, "A release cannot operate to discharge a promise for which it was the consideration." 76 CJS 695, Release, § 51.

2. Relying upon *Martin v. Monroe,* 107 Ga. 330 (33 SE 62), defendants contend the release bars an action or recovery upon the promissory notes. We cannot agree with this contention. Unlike the release in *Martin,* the release in this case does not expressly relieve defendants from liability upon the notes.

3. The trial court did not err in granting plaintiffs' motions for summary judgment and in denying defendants' summary judgment motions.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 18, 1976.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Roderick C. Dennehy, Jr.,* for appellants.

*Candler, Cox, Andrews & Hansen, E. Lewis Hansen, Sidney Holderness, III,* for appellees.