**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RON POE,
<u>Plaintiff-Appellant,</u>

v.

NATIONWIDE MUTUAL INSURANCE
COMPANY; NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY; NATIONWIDE
GENERAL INSURANCE COMPANY, all
Ohio corporations authorized to do
business in the State of West

Virginia; NATIONWIDE LIFE
INSURANCE COMPANY; NATIONWIDE
PROPERTY AND CASUALTY COMPANY;
FINANCIAL HORIZONS LIFE INSURANCE
COMPANY; COLONIAL INSURANCE
COMPANY OF CALIFORNIA, all Ohio
corporations authorized to do
business in the State of West
Virginia,
<u>Defendants-Appellees.</u>

No. 96-2050

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, Senior District Judge.
(CA-95-60-5)

Submitted: May 20, 1997

Decided: June 13, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael R. Whitt, LAW OFFICE OF MICHAEL R. WHITT, Lewisburg, West Virginia, for Appellant. Cheryl H. Wolfe, JACKSON & KELLY, Charleston, West Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Ron Poe appeals the district court's order granting Defendants' motion for summary judgment. Poe asserts that genuine issues of material fact existed concerning whether there was an enforceable agreement between the parties and whether the principle of equitable estoppel applies in this case. Finding no reversible error, we affirm.

Poe worked for Defendants in various capacities from 1972 until 1995, when he was terminated. Poe became an agency representative in 1991, and he hoped to become an independent contractor for Defendants after three years. However, Poe's supervisors, Rusty Whistler, State Operations Officer, and C.L. Wilkerson, Regional Sales Manager, testified that Poe's performance as an agency representative was subpar, and they informed him that Defendants would not immediately consider him for an independent contractor position at the end of his employment agreement.

In September 1994, Whistler met with Poe to discuss his performance. Whistler testified that he intended to use this meeting to impress upon Poe that he had one last chance to meet performance

2

objectives. In a memorandum memorializing the meeting, Whistler informed Poe that he would become an independent contractor in January 1995 if his performance for the rest of 1994 was acceptable and certain other conditions were met ("Whistler Memo"). However, Poe's performance failed to improve, and he received a termination letter from Wilkerson in December 1994, with an effective date of January 1995. Poe filed a complaint alleging that his termination constituted a breach of contract. Poe asserted that the Whistler Memo constituted an enforceable contract to grant him independent contractor status or at least an enforceable agreement to agree in the future. In the alternative, Poe asserted that he detrimentally relied on Defendants' misrepresentations and that the principle of equitable estoppel required Defendants to honor the terms of the Whistler Memo. Applying West Virginia substantive law,[1] the district court granted Defendants' motion for summary judgment.

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8 (1986) (italics in original); Fed. R. Civ. P. 56(c). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). The appellate standard of review of a grant of summary judgment is de novo. Higgins v. E.I. DuPont de Nemours & Co. , 863 F.2d 1162, 1167 (4th Cir. 1988). In the present case, we find that the district court properly granted the Defendants' motion.

We reject Poe's assertion that the Whistler Memo constituted an enforceable contract for three reasons. First, the express terms of the employment agreement prohibit any modification or addition to the agreement unless signed by certain company officers and the employee, and Whistler was not one of the individuals authorized to modify the employment agreement or to bind the Defendants. Second, it is well-settled contract law that a person or entity can only be bound

_____

[1] In this diversity action, state substantive law applies. See Rock-Ola Mfg. Corp. v. Wertz, 282 F.2d 208, 210 (4th Cir. 1960).

3

if an authorized signature appears on the document, **2** and Whistler was not so authorized. Finally, the employment agreement expressly provides that Poe's employment was at-will. Under West Virginia law, any alleged agreement to alter an at-will employment relationship must be very definite in its terms to be enforceable, and the party relying on the alleged agreement bears the burden of proof. See Sayres v. Bauman, 425 S.E.2d 226, 229-30 (W. Va. 1992); Suter v. Harsco Corp., 403 S.E.2d 751, 754 (W. Va. 1991). We find that Poe failed to satisfy this burden.

Poe's claim that the Whistler Memo is an enforceable agreement to agree in the future is also without merit. While parties may agree to agree in the future, "it is necessary that the terms to be agreed upon in the future be substantially drawn from the initial agreement, . . . [and] the terms must be determined independent of a party's mere wish, will and desire." Ridgeway Coal Co., Inc. v. FMC Corp., 616 F. Supp. 404, 407 (S.D.W. Va. 1985) (citations and internal quotation marks omitted). As was the case in Ridgeway Coal , the Whistler Memo contained a sentence stating that further negotiations were required to solidify the agreement. As a result, we find that the Whistler Memo was at most an agreement to negotiate, and as such was simply part of Poe's employment negotiations; it was not an enforceable agreement to agree in the future. Id.

Finally, the burden was on Poe to prove that equitable estoppel applied in this case, and we find that he failed to do so. National Mut. Ins. Co. v. McMahon & Sons, Inc., 356 S.E.2d 488, 493 (W. Va. 1987). Poe's mere conclusory allegations of detrimental reliance, standing alone, were insufficient to withstand a motion for summary judgment. Moreover, he failed to show that Defendants misrepresented or concealed any material fact.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED
_____

**2** Absent certain exceptions not applicable here.

4